[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM THE JURY DOCKET
Plaintiffs instituted the present action to foreclose a mortgage granted to the defendant H. Lawrence Spodnick, who filed his answer, special defenses and a four count counterclaim to the complaint. The special defense claims and counterclaim essentially assert that plaintiffs' initial providing of mortgage financing and their subsequent attempts at collecting the debt constituted a breach of contract and were violative of numerous state and federal laws, to wit: the Federal Debt Collection Practices Act, Connecticut Unfair Trade Practices Act, and certain licensing laws of the state. Defendant filed a claim for the jury, which claim is now before the court on plaintiffs' motion to strike.
Said motion to strike is founded upon the grounds that foreclosure is an equitable remedy not entitling defendants to a jury trial, and that the defendant's filing of special defenses and counterclaim seeking damages does not alter the essential equitable nature of the case.
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings and Loan Assn. v. Tucker,196 Conn. 172, 175 (1985), stay den. 474 U.S. 896, cert. den. CT Page 3569474 U.S. 920 (1985).
"The plaintiff's complaint asking for the strict foreclosure of a mortgage is a purely equitable action and, as such, not triable by a jury as of right." Savings Bank of New London v. Santaniello, 130 Conn. 206, 209 (1943). In Santaniello, supra, at 209, the court framed the question to be decided as follows: "Does the filing of a cross-complaint by the defendant in a foreclosure suit, raising some legal issues, change the rule so that the defendant can demand the trial of these legal issues to the jury as of right?" The identical question is before the court in the instant case. In apposition to the holdings requiring trial by court of all equity claims, stands a guarantee of constitutional dimensions, that is, the right to trial by jury in those cases in which the right existed at common law and at the time of the adoption of our Constitution. Art. 1, Sec. 19, Connecticut Constitution. "This particular provision of our Constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact." Skinner v. Angliker, 211 Conn. 370, 374 (1989). The right to a trial by jury "exists not only in cases in which it existed at common law and at the time of the adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto." Skinner, supra. In addition to the aforementioned constitutional guarantee, General Statutes52-215 provides that civil actions "involving such an issue of fact as prior to January 1, 1880, would not represent a question properly cognizable in equity" are to be entered on the docket as jury cases upon the filing of timely claims therefor.
In the instant case brought as a foreclosure action, defendant has filed three special defenses alleging, in order, the plaintiffs' failure to comply with the Federal Debt Collection Practices Act, failure to perform conditions precedent to the collection of a debt in violation of state and federal law, and violation of the Connecticut Unfair Trade Practices Act 42-110, et seq. In addition, defendant has filed a counterclaim seeking damages on a breach of contract theory. When, as in the instant case, legal and equitable issues are both present, the right to a trial by jury depends on the relative importance of the two types of claims. Texaco, Inc. v. Golart, 206 Conn. 454,459 (1988). "Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers." United CT Page 3570 States Trust Co. v. Bohart, 197 Conn. 34, 45, citing Doris v. McFarland, 113 Conn. 594, 608 (1931).
"Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed." Bohart, supra, citing Berry v. Hartford National Bank Trust Co., 125 Conn. 615,618 (1939).
An analysis of the instant action reveals that the plaintiff seeking an equitable remedy of foreclosure has been met by a defendant raising definitive legal issues in his special defenses and counterclaim. The court does not conclude that the legal issues raised by the defendant are merely incidental to, ancillary to, or collateral to the equitable relief or that such legal issues are subordinate in importance to the equitable claim of foreclosure. Rather, the legal issues presented by the special defenses and counterclaim appear to be of equal importance to the equitable claim of the plaintiffs.
When separate and distinct claims or issues are joined, one in equity, as plaintiffs' claim here, and on in law, as defendant's special defenses and counterclaim, the defendant has a right to have a jury trial of its legal claims or cause of action. Northeast Savings v. Plymouth Commons Realty Co.,6 CSCR 684 (1991) (Satter, J.), citing Berry v. National Bank, supra, at 618.
One may be concerned that a jury trial in the occasional foreclosure case where legal issues are raised might threaten the expectations of mortgagees with respect to an expeditious disposition of their actions. However, this court shares Judge Satter's view that our courts are alert and flexible enough to accommodate that need for quick action. "More important, the expectation cannot override the defendant's constitutional right to a jury trial on his legal claims." Northeast Savings v. Plymouth Commons, supra.
Accordingly, plaintiffs' Motion to Strike Jury Claim is hereby denied.
Skolnick, J. CT Page 3571