[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKEPORTION OF DEFENDANT'S JURY CLAIM (NO. 110)
The court held a hearing on this motion on November 21, 1994. The following facts are not in dispute.
The plaintiff, Mary Jo Veverka, filed a single count complaint on August 11, 1994, seeking foreclosure of a one-year mortgage of residential real estate owned by the defendants, Birgitta and Richard J. Cole. The defendants filed an answer, CT Page 12915 special defenses and a counterclaim on October 14, 1994, which they amended on November 25, 1994, alleging three special defenses and seven counterclaims on November 22, 1994.
The defendants assert three special defenses in the operative pleading: duress, fraud, and breach of the covenant of good faith. They also bring a seven count counterclaim alleging: breach of the lease, unjust enrichment, fraud, breach of the covenant of good faith, intentional infliction of emotional distress, negligent infliction of emotional distress and a violation of the Connecticut Unfair Trade Practices Act.
On October 20, 1994, the defendants filed a claim for a jury trial. The plaintiffs filed a motion to strike portion of the jury claim and a memorandum in support on November 3, 1994. The defendants filed an objection to the motion to strike portion of defendants' jury claim and a memorandum in support on November 21, 1994.
Practice Book § 282 provides:
 If in the opinion of the court a case or matter is improperly upon a trial or assignment list, it will be stricken from the list, or otherwise disposed of, at the discretion of the court. Cases may at any time, by order of the court, be placed on either list.
A party may move that a case be stricken from the jury docket. See Associated Investment Co. Ltd. Partnership v. WilliamsAssociates IV, 230 Conn. 148, 152 (1994).
The right to a jury trial is provided by General Statutes § 52-515 and the state constitution. Id. "[A]rticle first, § 19, of the Connecticut constitution . . . guarantees the right to a jury trial in all cases for which such a right existed at the time of the adoption of that constitutional provision in 1818." Id., 153. "`Article first, § 19, also provides the right to a jury trial in cases that are substantially similar to cases for which the right to jury trial existed at common law in 1818.'" Id. "Because at common law only legal claims were tried to a jury, the state constitutional right to a trial by jury does not extend to equitable claims." Id.
The plaintiff moves to strike the portion of the case involving her claim from the jury docket on the ground that a CT Page 12916 foreclosure action is an action in equity, and therefore no right to a jury trial attaches to the action.
The defendants contend that their counterclaim states causes of action which are legal in nature and therefore the action is properly claimed to the jury docket and the jury claim may not be stricken as to the single claim of foreclosure.
"[F]oreclosure actions are equitable in nature and, therefore, do not give rise to a right to a jury trial under article first, § 19, of the Connecticut constitution." NortheastSavings, F.A. v. Plymouth Commons Realty Corp. , 229 Conn. 634,641, ___ A.2d ___ (1994). In this action, however, the defendants allege special defenses and causes of action in a counterclaim that introduce questions of law. The supreme court has stated:
 When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . .
(Citations omitted, internal quotation marks omitted.) Id. "To determine whether the action is essentially legal or essentially equitable, [a court] must examine the pleadings in their entirety." Texaco, Inc. v. Golart, 206 Conn. 454, 459,538 A.2d 1017 (1988). Practice Book § 308 provides:
 A case presenting issues both in equity and law may be claimed for the jury list, but unless the court otherwise orders, only the issues at law shall be assigned for trial by the jury. Whenever such an action has been placed upon the docket as a jury case, no determination of the equitable issues raised by the pleadings shall prevent a jury trial of the claim for damages . . . unless the determination of the equitable issues has necessarily adjudicated all the facts upon which the claim for damages rests. CT Page 12917
See also General Statutes § 52-219. It is submitted, therefore, that the court need not determine the essential basis of the action in its entirety, but may address the equitable and legal issues separately.
Moreover, the plaintiff in this action is not seeking to strike the entire case from the jury docket. The plaintiff seeks only to have the foreclosure claim stricken from the jury docket. It is submitted that the plaintiff's motion to strike from the jury docket should not affect the defendants' legal defenses and counterclaim. "When separate and distinct claims or issues are joined, one in equity, as the plaintiff['s] claim here, and one in law, as defendant[s'] special defenses and counterclaim, the defendant has a right to have a jury trial of its legal claims or cause of action." Memoli v. Spodnick, 9 CSCR 482 (April 12, 1993, Skolnick, J.).
The supreme court recently ruled in a foreclosure action that "the defendants are entitled to a jury trial only on their legal counterclaim and not on the foreclosure action." NortheastSavings, F.A. v. Plymouth Commons Realty Corp. , supra,229 Conn. 642 n. 11. It stated that "a counterclaim is an independent action . . . [and in determining whether the right to a jury trial attaches to it,] the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable." (Citation omitted.) Id., 641. The court ruled that not entitling defendants to a jury trial on their counterclaim because the foreclosure action is an equitable claim "misapplies the test . . . for determining when a legal counterclaim may be tried to a jury." Id., 642. The court declined to follow dictum in Savings Bank of New London v. Santaniello, 130 Conn. 206, 211,33 A.2d 126 (1943), that defendants raising "legal claims as a counterclaim in the plaintiff's equitable action rather than filing a separate suit, have waived the right to a jury trial."Northeast Savings, F.A. v. Plymouth Commons Realty Corp. , supra,229 Conn. 642 n. 10. It ruled that the counterclaim that was essentially legal in nature gave rise to a jury trial even in a foreclosure action. Id., 642. Conversely, "[a] defendant cannot by the assertion of defenses and counterclaims which are `legal' in nature, convert a foreclosure case from its essential equitable nature to a legal cause of action thereby requiring a jury trial." Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 34516, (November 9, 1993, Curran, J.), citing Savings Bank of New LondonCT Page 12918v. Santaniello, supra, 130 Conn. 211.
Moreover, if "the legal issues raised by the defendant[s] are merely incidental to, ancillary to, or collateral to the equitable relief or that such legal issues are subordinate in importance to the equitable claim of foreclosure," the defendants would not have a right to a jury trial of those legal claims.Memoli v. Spodnick, supra, 9 CSCR 482.
The supreme court recognized that "a joint trial of the legal and equitable claims will often serve the interest of judicial economy." Northeast Savings. F.A. v. Plymouth Commons RealtyCorp. , supra, 229 Conn. 642 n. 11. In this case the court finds that the special defenses and counterclaims present legal issues that can and should be tried to a jury. The foreclosure action is equitable in nature, and the issues here can be tried separately. It finds no prejudice to the defendants to try these issues by separate trials. While a joint trial may serve the interest of judicial economy, that interest must be weighed against the plaintiff's interest in an expeditious determination of its foreclosure action.
Section 52-192 of the General Statutes provides that foreclosure actions shall take precedence over other civil actions in respect to the order of trial. The defendants are entitled to a jury trial based on their legal counterclaims and defenses but not on the plaintiff's foreclosure action.
For the foregoing reasons, the plaintiff's motion to strike the foreclosure action from the jury docket should be and is granted.
ROMEO G. PETRONI, JUDGE