NORTHEAST SAVINGS, F.A. *v.* PLYMOUTH COMMONS
REALTY CORPORATION ET AL.
(14731)

PETERS, C. J., BERDON, NORCOTT, KATZ and PALMER, Js.

Argued November 30, 1993—decision released June 14, 1994

*Robert A. Ziegler,* for the appellants-appellees (named defendant et al.).

*Michael Feldman,* with whom, on the brief, were *Lori J. Kremidas* and *Susan I. Hamilton,* for the appellee-appellant (plaintiff).

PALMER, J. This appeal and cross appeal from a judgment of foreclosure requires us to decide whether the trial court properly: (1) imposed sanctions against the defendants Joan C. Ursini and Plymouth Commons Realty Corporation (Plymouth Realty) because their codefendant, Louis M. Ursini,[1] refused to answer questions at his deposition; and (2) denied the plaintiff's motion to strike the defendants' jury claim. We conclude that the trial court properly denied the plaintiff's motion to strike the jury claim, but that it improperly imposed sanctions against Joan Ursini and Plymouth Realty.

The facts may be summarized as follows. On February 21, 1990, the plaintiff, Northeast Savings, F.A., initiated a foreclosure action against Louis Ursini, Joan Ursini and Plymouth Realty, alleging that Plymouth Realty had defaulted on a $1,000,000 note guaranteed

---

[1] Louis M. Ursini has not appealed from the judgment of default and nonsuit and is not, therefore, a party to this appeal. The following defendants were also defaulted and are not parties to this appeal: Shared Development Limited Partnership; Linda J. Albert; Chin Ki Cheng; Denise Sturgeon; EWR, Inc.; Chun Kun Lee; Charles Kapros; George Kapros; Chris Sullivan; Timothy Sullivan; Thomas J. Makara; David Smith; and Pauline Demora. Hereinafter, we will refer to Plymouth Realty, Joan Ursini and Louis Ursini as the defendants.

by Louis Ursini and Joan Ursini and secured by a mortgage on certain rental property located in Plymouth. The defendants filed an answer and asserted six special defenses and a counterclaim. The counterclaim alleged that the plaintiff had: (1) breached its obligation to deal with the defendants in good faith by conspiring with another bank to terminate the lending relationship between the plaintiff and the defendants; (2) committed unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; (3) negligently failed to collect and manage the property's rental income as had been agreed by the parties; and (4) breached its fiduciary duty to the defendants by failing properly to collect and manage the property's rental income. The defendants filed a jury claim, which the plaintiff moved to strike on the ground that the defendants' counterclaim raised issues of law that required determination by a jury. On July 3, 1991, Judge Satter denied the plaintiff's motion to strike the defendants' jury claim in accordance with Practice Book § 308.[2]

The plaintiff thereafter filed a motion for default, sanctions and judgment of dismissal of the defendants' counterclaim (motion for sanctions), alleging that Louis Ursini, while under oath at his deposition on July 9, 1991, had refused to answer certain of the plaintiff's questions and had responded to other questions in a

---

[2] Practice Book § 308 provides: "CASES PRESENTING BOTH LEGAL AND EQUITABLE ISSUES

"A case presenting issues both in equity and law may be claimed for the jury list, but, unless the court otherwise orders, only the issues at law shall be assigned for trial by the jury. Whenever such an action has been placed upon the docket as a jury case, no determination of the equitable issues raised by the pleadings shall prevent a jury trial of the claim for damages, unless both parties agree in writing to waive a jury, or unless the determination of the equitable issues has necessarily adjudicated all the facts upon which the claim for damages rests."

false, misleading and evasive manner. On December 11, 1991, after a hearing on the motion, the trial court, *Maloney, J.,* issued the following order: "Motion for default against [the] defendant Louis Ursini and nonsuit on the counterclaim is granted for failure to respond to questions at deposition." Louis Ursini filed a timely motion to set aside the default and nonsuit, and the court, after a hearing on January 27, 1992, denied the motion.[3] At the conclusion of that hearing, the trial court, on the request of plaintiff's counsel for a clarification of its December 11, 1991 order, explained that the nonsuit and default applied to Joan Ursini and Plymouth Realty as well as to Louis Ursini.[4] The plaintiff thereafter filed a motion for strict foreclosure. On July 29, 1992, Judge Satter rendered a judgment of foreclosure by sale. This appeal and cross appeal followed.[5]

I

The defendants Joan Ursini and Plymouth Realty claim that the trial court improperly rendered a judgment of default and nonsuit against them for Louis Ursini's refusal to respond to questions posed to him at his deposition by the plaintiff's counsel.[6] We agree.

[3] Neither Joan Ursini nor Plymouth Realty challenge the trial court's finding that Louis Ursini had failed to respond to the plaintiff's questions at his deposition.

[4] On October 5, 1992, the trial court, *Maloney, J.,* issued an articulation of his order of default and nonsuit against the defendants.

[5] Plymouth Realty and Joan Ursini appealed and the plaintiff cross appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal and cross appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[6] The plaintiff argues that Joan Ursini and Plymouth Realty did not properly raise this claim before the trial court and, therefore, that they should not be permitted to seek review of this issue on appeal. The plaintiff did not, however, specifically allege that Louis Ursini's deposition conduct was attributable to Joan Ursini and Plymouth Realty until the January 27, 1992 hearing on Louis Ursini's motion to vacate the sanctions imposed against him. The defendants immediately requested the opportunity to brief the

Practice Book § 231 provides in relevant part: "If any party has failed to . . . appear and testify at a deposition duly noticed pursuant to this chapter . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following: (a) The entry of a nonsuit or default against the party failing to comply . . . ." Although the trial court has broad discretion to fashion and impose sanctions for failure to comply with the rules of discovery; see *Tessmann* v. *Tiger Lee Construction Co.*, 228 Conn. 42, 48, 634 A.2d 870 (1993); *Eslami* v. *Eslami*, 218 Conn. 801, 805–806, 591 A.2d 411 (1991); Practice Book § 231 authorizes the entry of a default or nonsuit against *the party failing to appear or testify* at a duly noticed deposition. Thus, Joan Ursini and Plymouth Realty may be held responsible for the conduct of Louis Ursini, and sanctioned accordingly, only if the evidence demonstrated that Louis Ursini was acting on behalf of Joan Ursini and Plymouth Realty when he refused to testify at his deposition. See *Pavlinko* v. *Yale-New Haven Hospital*, 192 Conn. 138, 147, 470 A.2d 246 (1984) (because administrator of decedent's estate acted as agent for estate's beneficiaries, dismissal of beneficiaries' action was appropriate due to administrator's refusal to respond to deposition questions); see also *Securities & Exchange Commission* v. *Wencke*, 577 F.2d 619, 622 (9th Cir. 1978) (court had authority to impose sanctions against one defendant for actions of another where record supported conclusion that latter had acted on behalf of former); *Atlantic Cape Fisheries* v. *Hartford Fire Ins. Co.*, 509 F.2d 577 (1st Cir. 1975) (sanctions properly imposed against corporation for conduct of corporate president where corporation failed to demonstrate that it could not control president's conduct).

issue, prior to the trial court's ruling, but their application to do so was denied. In these circumstances, we cannot say that Joan Ursini and Plymouth Realty have waived their right to raise this claim.

*Kidd Pipeline & Specialties, Inc.* v. *Campagna,* 712 S.W.2d 238, 242 (Tex. App. 1986) (sanctions properly imposed against corporation for deposition conduct of corporation's president).

The trial court, however, made no finding as to whether Louis Ursini's deposition conduct was properly attributable to Joan Ursini and Plymouth Realty. Rather, the court concluded that the imposition of a default and nonsuit against Joan Ursini and Plymouth Realty was the only way to vindicate the plaintiff's right to depose Louis Ursini in preparation of its defense to the claims raised by Joan Ursini and Plymouth Realty. We disagree. The fact that Louis Ursini might be called as a trial witness by Joan Ursini and Plymouth Realty is not alone a sufficient reason to impute to them the deposition conduct of Louis Ursini. In the absence of a determination by the trial court, supported by the evidence, that the conduct of Louis Ursini was attributable to Joan Ursini and Plymouth Realty, the imposition of sanctions against Joan Ursini and Plymouth Realty for Louis Ursini's conduct was improper.

The plaintiff contends that the trial court acted within its discretion in entering a default and nonsuit against both Joan Ursini and Plymouth Realty because Louis Ursini was Joan Ursini's husband and the president of Plymouth Realty. The trial court, however, made no finding that Louis Ursini was married to Joan Ursini or that he was the president of Plymouth Realty, and there is insufficient evidence in the record of the hearings on the plaintiff's motion for sanctions to support such a conclusion.[7] Moreover, even if the record of the

---

[7] The plaintiff concedes that the only suggestion in the record that Louis Ursini was married to Joan Ursini is the sheriff's return of service of the summons and complaint, which notes that Louis Ursini and Joan Ursini had been served at the same address. Similarly, the only indication that Louis Ursini was the president of Plymouth Realty consists of the sheriff's return, which states that Louis Ursini had been served in his individual

proceedings below supported a finding by the trial court that Louis Ursini was Joan Ursini's husband and the president of Plymouth Realty, the court would have been required to determine whether, in these circumstances, Louis Ursini's relationship to Joan Ursini and Plymouth Realty warranted a further finding that his deposition conduct was properly attributable to them. The trial court made no finding, however, that Louis Ursini's conduct was attributable to Joan Ursini and Plymouth Realty, and the record does not provide a sufficient factual basis to conclude that the trial court impliedly made such a determination.

Accordingly, we conclude that the case must be remanded for an evidentiary hearing so that the trial court may determine whether Louis Ursini's conduct at his deposition was properly attributable to Joan Ursini and Plymouth Realty. If the trial court so finds, the court must then determine what sanctions, if any, should be imposed against Joan Ursini and Plymouth Realty.[8]

## II

The plaintiff claims that the trial court improperly denied its motion to strike the jury claim.[9] We disagree.

capacity and as president of Plymouth Realty, along with certain loan documents, attached as exhibits to the complaint, which bear Louis Ursini's signature as president. None of these documents, however, was introduced into evidence or was, as far as the record shows, relied on by the trial court at any of the proceedings on the plaintiff's motion for sanctions. Finally, the record is devoid of any other evidence as to whether Louis Ursini was married to Joan Ursini or was president of Plymouth Realty at the time of his deposition.

[8] The plaintiff claims that we may affirm the decision of the trial court on the alternate ground that each of the defendants' six special defenses is deficient as a matter of law. Although the plaintiff filed a motion to strike three of the defendants' special defenses, the plaintiff did not challenge the legal sufficiency of the remaining special defenses in the trial court. We therefore do not address the plaintiff's claim. Practice Book § 4185; see *Passamano* v. *Passamano*, 228 Conn. 85, 90–91 n.8, 634 A.2d 891 (1993).

[9] The plaintiff raises this issue pursuant to Practice Book § 4013 (a) (1) (B), which provides that any appellee may present for review adverse rulings

Plymouth Realty and Joan Ursini concede that foreclosure actions are equitable in nature and, therefore, do not give rise to a right to a jury trial under article first, § 19, of the Connecticut constitution. See *Skinner* v. *Angliker,* 211 Conn. 370, 374, 559 A.2d 701 (1989); *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 458, 538 A.2d 1017 (1988); *Reynolds* v. *Ramos,* 188 Conn. 316, 320, 449 A.2d 182 (1982). They claim, however, to have raised in their counterclaim issues of law that require determination by a jury. "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. 'Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. *Doris* v. *McFarland,* 113 Conn. 594, 608, 156 Atl. 52 [1931]. Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed; *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 618, 7 Atl. (2d) 847 [1939]; *LaFrance* v. *LaFrance,* 127 Conn. 149, 152, 14 Atl. (2d) 739 [1940] . . . .' *National Bank of Commerce* v. *Howland,* 128 Conn. 307, 310, 22 A.2d 773 (1941). Because a counterclaim is an independent action; see *Home Oil Co.* v. *Todd,* 195 Conn. 333, 341, 487 A.2d 1095 (1985); the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable. See *Franchi* v. *Farmholme, Inc.,* [191 Conn. 201, 211, 464 A.2d 35 (1983)]; *Flanigan* v. *Foley,* 20 Conn. Sup. 12, 13, 119 A.2d 741 (1955). This analysis must be performed in the context of the pleadings

or decisions of the court that should be reviewed in the event that a new trial is ordered.

when read as a whole. *Franchi* v. *Farmholme, Inc.*, supra. The form of the relief demanded is not dispositive. *Fitzgerald* v. *Sullivan,* 12 Conn. Sup. 206, 206–207 (1943)." *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 45, 495 A.2d 1034 (1985).

The trial court, on application of these principles, determined that the defendants' counterclaim is essentially legal in nature and, therefore, gives rise to a right to a jury trial.[10] The plaintiff does not seriously contest the trial court's determination that the defendants have asserted several legal issues in their counterclaim. Indeed, the defendants' counterclaim seeking damages for breach of contract, breach of fiduciary duty and negligence is indisputably legal in nature. The plaintiff argues, rather, that the defendants are not entitled to a jury trial on their counterclaim because the foreclosure action is an equitable one. This argument, however, misapplies the test set out in *United States Trust Co.* v. *Bohart,* supra, 197 Conn. 45, for determining when a legal counterclaim may be tried to a jury. We conclude that the trial court properly applied that test in determining that the defendants' legal counterclaim is triable to a jury and, therefore, that the court properly denied the plaintiff's motion to strike the defendants' jury claim.[11]

---

[10] The plaintiff relies on dictum in *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 211, 33 A.2d 126 (1943), for the proposition that the defendants, by raising their legal claims as a counterclaim in the plaintiff's equitable action rather than filing a separate suit, have waived their right to a jury trial. To the extent that our dictum in *Savings Bank of New London* is inconsistent with the principles set forth in our subsequent cases; see, e.g., *Texaco, Inc.* v. *Golart,* supra, 206 Conn. 458–59; *United States Trust Co.* v. *Bohart,* supra, 197 Conn. 44–45; we decline to follow it.

[11] Of course, the defendants are entitled to a jury trial only on their legal counterclaim and not on the foreclosure action. In the event of a new trial, therefore, the trial court must determine whether to conduct the trial of the legal and equitable claims jointly or separately. We note that as a general matter, a joint trial of the legal and equitable claims will often serve the interest of judicial economy. That interest, however, must be weighed

The judgment is reversed and the case is remanded for an evidentiary hearing on the plaintiff's motion for sanctions against Joan Ursini and Plymouth Realty.[12]

In this opinion the other justices concurred.

against the parties' interest in an expeditious determination of the fore-closure action. See General Statutes § 52-192 ("foreclosure cases . . . shall have precedence over all other civil actions in respect to the order of trial").

[12] Because we vacate the judgment of default entered against Joan Ursini and Plymouth Realty, we do not address the issues raised by the plaintiff on its cross appeal concerning the trial court's rulings on the plaintiff's motion for judgment of strict foreclosure.