[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION TO STRIKE FROM JURY DOCKET
On December 21, 1995, the plaintiff, Beat A. Zahner, filed a three count amended complaint against the defendant, Joseph Schiano. In the first two counts the plaintiff seeks reformation of a note and mortgage executed by the defendant, and in the third; count the plaintiff seeks to foreclose on the note and mortgage. On January 6, 1995, the defendant filed his answer, counterclaim and special defenses. In his two count counterclaim the defendant alleges that the plaintiff breached the terms of the note and mortgage by charging an interest rate in excess of that provided for in the note, and that the plaintiff has refused to refund the excess payments to the defendants.
On December 14, 1995, the plaintiff filed a motion to strike the defendant's claim to the jury trial list on the ground that reformation and foreclosure are equitable actions, and therefore, properly tried before the court. The defendant filed a memorandum in opposition on December 27, 1995, in which the defendant argues that his counterclaim presents legal claims that are more properly tried to a jury.
"When legal and equitable issues are combined in a single action, whether a right to jury trial attaches depends on the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to a jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . . Because a counterclaim is an independent action . . . the question presented is whether the defendant's counterclaim is essentially legal or essentially equitable. . . . This analysis must be performed in the context of the pleadings when read as a whole. . . . The form of the relief demanded is not dispositive." (Citations omitted; internal quotation marks omitted.) NortheastSavings, F.A. v. Plymouth Commons Realty Corp. , 229 Conn. 634,641-42, 642 A.2d 1194 (1994).
The plaintiff alleges that he entered into an agreement to lend the defendant $340,000 at an adjustable interest rate of 7.5% over the "Index," secured by an "Open-End Mortgage Deed with Adjustable Rate Rider." The plaintiff further alleges that due to a scriveners error, the note and mortgage set forth an interest rate of 2.5% above the "Index" rate rather than the 7.5% agreed CT Page 1036 upon. The plaintiff now seeks reformation of the note and mortgage, and also seeks to foreclose on the reformed note and mortgage.
"A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as the result of mutual mistake, or a mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other." (Internal quotation marks omitted.) LoPinto v. Haines,185 Conn. 527, 531, 441 A.2d 151 (1981). "Equity evolved the doctrine because an action at law afforded no relief against an instrument secured by fraud or as a result of mutual mistake." (Internal quotation marks omitted.) Id., 532. Furthermore, "[a]n action of foreclosure is peculiarly equitable. . . ." (Internal quotation marks omitted.) Virginia Corp. v. Galanis, 223 Conn. 436,448, 613 A.2d 274 (1992).
The defendant in his counterclaim alleges that the plaintiff has charged him interest in the amount of 7.5% above the "Index," which is in excess of the terms of the note and mortgage. The defendant further alleges that he has been damaged in that the plaintiff has failed to apply the excess payments to the principal, or to refund the excess.
Practice Book § 308 provides in pertinent part that "[a] case presenting issues both in equity and law may be claimed for the jury list, but, unless the court otherwise orders, only the issues at law shall be assigned for trial by jury. Whenever such an action has been placed upon the docket as a jury case, no determination of the equitable issues raised by the pleadings shall prevent a jury trial of the claim for damages . . . unless thedetermination of the equitable issues has necessarily adjudicatedall the facts upon which the claim for damages rests." (Emphasis added.)
The issue presented in both the plaintiff's complaint and the defendant's counterclaim is whether the note and mortgage set forth the correct rate of interest. As discussed above, the plaintiff's action in reformation and foreclosure are equitable, and therefore, properly tried to the court. The defendant argues that his counterclaim presents legal claims that are more properly determined by a jury. However, the determination of the plaintiff's claim of reformation requires the court to necessarily CT Page 1037 adjudicate the facts upon which the defendant's claim for damages rests. Therefore, the defendant's counterclaim presents issues of fact that are incidental to the equitable claims presented by the plaintiff's complaint. Accordingly, the plaintiff's motion to strike the defendant's claim to the jury trial list is granted.
HICKEY, J.