[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION TO STRIKE FROM JURY DOCKET (NO. 124)
On April 19, 1995, the plaintiff, Harry Skolnick Son, Inc., filed a one count complaint in foreclosure of a mechanic's lien against the defendant, First Baptist Church of Stratford, Inc. (First Baptist). MGM Electric, Inc. (MGM) is also named as a defendant for having a mechanic's lien junior in interest to the plaintiff's. MGM filed a one count cross-complaint seeking foreclosure on its mechanic's lien on May 26, 1995. On August 10, 1995, First Baptist filed its answer and three special defenses. In its special defenses, First Baptist alleges that it has paid the plaintiff, that the plaintiff breached the construction contract, and breached express and implied warranties. On August 18, 1995, First Baptist claimed this action to the jury trial docket.
The plaintiff filed a motion to strike this action from the jury trial docket on November 28, 1995, on the grounds that a mortgage foreclosure is an equitable action and, therefore, is not triable as of right to a jury, and that First Baptist has waived its right to a jury trial by waiting until the day the action was to be assigned for court trial to file its jury claim.
"[A] motion to strike is the proper method by which to strike a claim from the jury docket." Centerbank v. Gall, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 399624 (June 13, 1995, Maiocco, J.).
The plaintiff first argues that an action to foreclose a mechanic's lien is equitable, and therefore, the defendant has no right to a jury trial.
"Article first, 19, . . . provides for the right to a jury CT Page 1414-A trial in cases that are substantially similar to cases for which the right to a jury trial existed at common law in 1818. . . . Because at common law only legal claims were tried to a jury, the state constitutional right to a jury trial does not extend to equitable claims." (Citation omitted; internal quotation marks omitted.) Associated Investment Co. v. Williams Associates,230 Conn. 148, 153, 645 A.2d 505 (1994). "Mechanic's lien law in Connecticut has also long recognized that mechanic's liens are subject to the same rules of equity applicable to mortgages." NewEngland Savings Bank v. Meadow Lakes Co., Superior Court, Judicial District of New London at New London, Docket No. 529244 (September 13, 1994, Austin, J.), citing, Goodman v. White, 26 Conn. 317, 320
(1857). Regarding the foreclosure of mortgages the supreme court has stated that "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice is done between the parties." Virginia Corporation v. Galanis, 223 Conn. 436,448, 613 A.2d 274 (1992).
First Baptist's jury claim rests on the fact that its special defenses sound in law rather than equity. "When legal and equitable issues are combined in a single action, whether a right to jury trial attaches depends on the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to a jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . . Because a counterclaim is an independent action . . . the question presented is whether the defendant's counterclaim is essentially legal or essentially equitable. . . . This analysis must be performed in the context of the pleadings when read as a whole. . . . The form of the relief demanded is not dispositive." (Citations omitted; internal quotation marks omitted.) Northeast Savings, F.A. v.Plymouth Commons Realty Corp., 229 Conn. 634, 641-42,642 A.2d 1194 (1994). First Baptist, however, has not filed a counterclaim, but only special defenses. The court in Centerbankv. Fazzone, Superior Court, Judicial District of Litchfield, Docket No. 066477 (October 19, 1995, Pickett, J.) stated that "[i]n the present action, the special defenses raised are ancillary to the foreclosure claim and therefore on an equal basis to the foreclosure action. In addition, the special defenses are, CT Page 1414-B in essence, a challenge to the foreclosure action and are therefore equitable." Furthermore, "[a] defendant cannot by the assertion of defenses and counterclaims which are `legal' in nature, convert a foreclosure case from its essential equitable nature to a legal cause of action thereby requiring a jury trial."People's Bank v. Podd, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 287559 (September 7, 1993, Leheny, J.); see also Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford, Docket No. 034516 (November 9, 1993, Curran, J.); Connecticut National Bank v. Grella FamilyInvestment Partnership, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 292814 (November 8, 1993, Leheny, J.); Continental Bank v. Willard Square, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 389097 (April 23, 1993, Aurigemma, J., 8 CSCR 513); ConnecticutNational Bank v. 1234 Summer Street Limited Partnership, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 109065 (December 18, 1990, Lewis, J.) (in which the court relied on a Rhode Island case involving the foreclosure of a mechanic's lien).
Clearly, First Baptist's special defenses attack the plaintiff's foreclosure claim and are not, unlike counterclaims, independent actions. Therefore, while First Baptist's special defenses raise legal issues, those issues are ancillary to the plaintiff's equitable foreclosure action. Accordingly, the plaintiff's motion to strike First Baptist's claim to the jury docket is granted.
The plaintiff also contends that First Baptist waived its right to a jury trial by waiting to file its claim on the day the action was to be assigned for a courtside trial. However, the plaintiff has submitted no authority for this proposition. Moreover, First Baptist's claim was timely as it was filed within ten days after the pleadings were closed. See General Statutes § 52-215. Nevertheless, as discussed above, the plaintiff's motion to strike First Baptist's claim to the jury docket is granted.
WEST, J. CT Page 1414-C