[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET #122
On January 11, 1994, the plaintiff, Joan M. Trefz, filed a two count complaint in foreclosure and seeking recovery of collateral against the defendants, Carl M. Coppola, Jr., Ernest C. Trefz and Daniel D. Portanova. The plaintiff alleges the following facts in her complaint. The defendants entered into a note and mortgage with Citytrust in the amount of $5,050,000 on October 31, 1988, and also assigned the leases from the mortgaged property. Citytrust went into receivership with the Federal Deposit Insurance Corporation (FDIC), with the Consolidated Asset Recovery Corporation (CARC) acting as agent of the FDIC. The note, mortgage deed and security agreement were modified to extend the maturity date to November 1, 1992. On September 24, 1993, the FDIC and the CARC assigned its interests in the documents referred to above to the plaintiff. The plaintiff now alleges that the defendants are in default on the note and have failed to make the collateral available to the plaintiff.
On June 2, 1994, the defendant Carl Coppola filed his second amended answer in which he alleges two special defenses of civil conspiracy and unclean hands. Coppola alleges that the partners were in negotiations with the CARC for final settlement CT Page 1741 of the loan, when Ernest Trefz purchased the note and loan documents and assigned the instruments to the plaintiff as trustee for Ernest Trefz, unbeknownst and without the consent of all the partners. Coppola further alleges that the default was not caused by Coppola's failure to fulfill his obligations, but rather because of a conspiracy between Joan and Ernest Trefz to divest Coppola of his interests in the property and partnership. Coppola also alleges that such actions constitute unclean hands on the part of the plaintiff.
On December 7, 1994, Coppola claimed this action to the jury list. The plaintiff filed a motion to strike Coppola's claim to the jury docket on March 15, 1995, along with a memorandum of law in support. Coppola filed a memorandum in opposition on June 8, 1995.
"[A] motion to strike is the proper method by which to strike a claim from the jury docket." Centerbank v. Gall, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 399624 (June 13, 1995, Maiocco, J.).
The plaintiff contends that the defendant has no right to have his special defenses tried to a jury because a foreclosure action is essentially equitable. Coppola argues that the legal issues raised in his special defenses outweigh the equitable nature of the foreclosure proceeding.
"Article first, 19, . . . provides for the right to a jury trial in cases that are substantially similar to cases for which the right to a jury trial existed at common law in 1818. . . . Because at common law only legal claims were tried to a jury, the state constitutional right to a jury trial does not extend to equitable claims." (Citation omitted; internal quotation marks omitted.) Associated Investment Co. v. WilliamsAssociates, 230 Conn. 148, 153, 645 A.2d 505 (1994). The supreme court has stated that "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice is done between the parties." Virginia Corporation v.Galanis, 223 Conn. 436, 448, 613 A.2d 274 (1992). "When legal and equitable issues are combined in a single action, whether a right to jury trial attaches depends on the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable CT Page 1742 powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to a jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . . Because a counterclaim is an independent action . . . the question presented is whether the defendant's counterclaim is essentially legal or essentially equitable. . . . This analysis must be performed in the context of the pleadings when read as a whole. . . . The form of the relief demanded is not dispositive." (Citations omitted; internal quotation marks omitted.) Northeast Savings, F.A. v. Plymouth Commons RealtyCorp. , 229 Conn. 634, 641-42, 642 A.2d 1194 (1994).
Coppola has not filed a counterclaim, but only special defenses of civil conspiracy and unclean hands. The supreme court has stated that "[t]here is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." Marshak v. Marshak, 226 Conn. 652, 669,628 A.2d 964 (1993). In his special defense, however, Coppola does not seek damages from a formed conspiracy, but rather seeks to bar the foreclosure which is an equitable remedy. Moreover, Coppola's special defense of unclean hands is recognized as an equitable doctrine. Golab v. City of New Britain, 205 Conn. 17,26, 529 A.2d 1297 (1987). It appears therefore, the special defenses asserted by Coppola in this foreclosure action are equitable in nature and are not entitled to a jury trial by right.
Similarly, in Centerbank v. Fazzone, Superior Court, judicial district of Litchfield, Docket No. 066477 (October 19, 1995, Pickett, J.) the court stated that "[i]n the present action, the special defenses raised are ancillary to the foreclosure claim and therefore on an equal basis to the foreclosure action. In addition, the special defenses are, in essence, a challenge to the foreclosure action and are therefore equitable." Furthermore, "[a] defendant cannot by the assertion of defenses and counterclaims which are `legal' in nature, convert a foreclosure case from its essential equitable nature to a legal cause of action thereby requiring a jury trial."People's Bank v. Podd, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287559 (September 7, 1993, Leheny, J.); see also Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford, Docket No. 034516 CT Page 1743 (November 9, 1993, Curran, J.); Connecticut National Bank v.Grella Family Investment Partnership, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292814 (November 8, 1993, Leheny, J.); Continental Bank v. Willard Square, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 389097 (April 23, 1993, Aurigemma, J.,8 CSCR 513); Connecticut National Bank v. 1234 Summer StreetLimited Partnership, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 109065 (December 18, 1990, Lewis, J.).
Accordingly, the court finds that Coppola's special defenses are essentially equitable, and therefore, the plaintiff's motion to strike Coppola's claim to the jury docket is granted.
WEST, J.