[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE FROM JURY DOCKET
The plaintiff in this foreclosure action moves to strike it from the jury docket. The defendants have objected on the basis that they have asserted special defenses and a counterclaim which assert legal claims as to which they are entitled to a jury trial.
Mortgage foreclosure actions are equitable matters and thus the parties are not entitled to a jury trial. Savings Bank of NewLondon v. Santaniello, 130 Conn. 206, 209 (1943). Therefore, in deciding whether the parties, or either of them, is entitled to a jury trial the court must examine the pleadings as a whole, including the complaint, special defenses and counterclaim to determine if the entire action is primarily legal or equitable in nature. United States Trust Co. v. Bohart, 197 Conn. 34, 45
(1985).
As the plaintiff points out the issues raised in both the special defenses and the counter claim appear to involve the same factual claims, i.e. that plaintiff unilaterally changed the payment terms in breach of the note and mortgage. The defendants assert these factual claims both as a defense to the claim that they are in default and as a basis for their affirmative claims for relief in the counterclaim. Such claims relate directly to whether or not the defendants are in default but are not sufficient to convert an action which is essentially equitable in nature to one that is primarily legal. See Northeast Savings, F.A. v. PlymouthCommons Realty Corp., 229 Conn. 634, 641 (1994).
Accordingly, the plaintiff's motion to strike this case from the jury docket is granted.
Bruce W. Thompson, Judge