[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM THE JURY DOCKET (#136)
On July 9, 1992, the plaintiff commenced this foreclosure action against the defendant, Cosmo Manganello, for default on the payment of a promissory note secured by a mortgage on certain parcels of land situated in the Town of Colebrook, Connecticut. Four other counts were brought alleging fraudulent conveyance by the defendant Cosmo Manganello to Bianca Manganello.
On July 26, 1993, the defendant, Cosmo Manganello, filed an answer, alleging seven special defenses and a six count counterclaim (incorrectly labelled "cross complaint") against the plaintiff. Generally, the special defenses are as follows: the first special defense alleges fraudulent inducement by the plaintiff and his agents; the second special defense alleges modification as a result of the previous fraudulent inducement; the third special defense alleges fraudulent nondisclosure by the plaintiff and his agents; the fourth special defense alleges CT Page 3890 failure of consideration; the fifth special defense alleges breach of contract; the sixth special alleges modification and reliance by the defendant thereon; the seventh special defense alleges novation.
The first count of the counterclaim alleges fraudulent acts by the plaintiff and his agents: the second count alleges fraudulent nondisclosure by the plaintiff and his agents; the third count alleges breach of contract by the plaintiff; the fourth count alleges breach of an implied warranty; the fifth count alleges unjust enrichment of the plaintiff; the sixth count alleges violation of CUTPA by the plaintiff and his agents.
On October 14, 1993, the defendant, Cosmo Manganello, claimed the case to the jury docket. On December 1, 1995, the plaintiff filed a motion to strike from the jury docket along with a memorandum of law. On December 27, 1995, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike from the jury docket. On January 2, 1996, the plaintiff filed a supplemental memorandum of law in support of his motion.
A party may move that a case or claim be stricken from the jury docket. Associated Investment Co. Ltd. Partnership v.Williams Associated IV, 230 Conn. 148, 152, 645 A.2d 505 (1994). " [F]oreclosure actions are equitable in nature and, therefore, do not give rise to a right to a jury trial under article first, § 19, of the Connecticut constitution. . . . When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in I an action essentially, the court may determine them without a jury in the exercise of its equitable powers. Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in anaction of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . . Because a counterclaim is an independent action . . . the question presented is whether the defendant's counterclaim is essentiallylegal or essentially equitable. This analysis must be performed in the context of the pleadings when read as a whole." (citations omitted; emphasis added; internal quotation marks omitted.)Northeast Savings, F.A. v. Plymouth Commons Realty Corp.,229 Conn. 634, 641-42, 642 A.2d 1194 (1994). A determination must be made of whether a counterclaim is essentially legal in nature or CT Page 3891 whether its is essentially equitable in nature. Id.
The motion to strike from the jury docket is denied as several legal issues are presented by the defendant's counterclaims and special defenses which are properly cognizable in an action at law. Northeast Savings Bank, F.A. v. PlymouthCommons Realty Corp, supra, 229 Conn. 641-42. For instance, the third count of the defendant's counterclaim and fifth special defense allege a breach of contract on the part of the plaintiff, and the defendant, by way of his counterclaim, seeks monetary damages. A claim for breach of contract is indisputably legal in nature. Northeast Savings, supra, 642. In addition, count four of the defendant's counterclaim, alleging breach of an implied warranty, appears to be legal in nature. Finally, count six of the counterclaim alleges a violation of CUTPA by the plaintiff. According to Public Act 95-123 (creating General statutes § 42-110(g)), the defendant in this case is entitled to a jury trial for his CUTPA counterclaim. This effectively reverses the rule promulgated by the Connecticut Supreme Court in AssociatedInvestment Co. Ltd. Partnership v. Williams Associated IV, supra, which previously held that CUTPA creates an equitable cause of action and, therefore, no jury trial was constitutionally required.
This does not mean that the foreclosure action, or the equitable defenses challenging the foreclosure action, are triable to a jury. Northeast Savings Bank, F.A. v. PlymouthCommons Realty Corp, supra, 229 Conn. 642 n. 11. Practice Book § 308 is dispositive on the issue. The issues of equity are tried to the court, and the issues of law are tried to the jury. Practice Book, § 308. Therefore, a case presenting both equitable and legal issues can remain on the jury list. Practice Book § 308.
CURRAN, J.