[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#107) AND MOTION TO STRIKE(#109)
Motion to Dismiss:
The court will first address the plaintiff's assertion that the defendant's counterclaim is subject to abatement as there exits a prior pending action. "Whether the ground for abatement is lack of subject matter jurisdiction or a prior pending action, Practice Book § 143 applies . . . . Although Practice Book § 143 does not specifically set forth that the motion to CT Page 3657 dismiss shall be used to assert as a ground for abatement the existence of a prior pending action, we have considered that claim on a motion to dismiss even when there is subject matter jurisdiction. . . ." (Citations omitted.) Conti v. Murphy,23 Conn. App. 174, 177, 579 A.2d 576 (1990). "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." Solomon v.Aberman, 196 Conn. 359, 382, 493 A.2d 193 (1985); see alsoHalpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1981); Beaudoin v. Town Oil Co., 207 Conn. 575, 542 A.2d 1124
(1988).
The court finds that the plaintiff has met its burden in showing the court that there exists a prior pending action in state court for the defendant's counterclaims. "[A] counterclaim is an independent action . . . ." Northeast Savings, F.A. v.Plymouth Commons Realty Corp., 229 Conn. 634, 641, 642 A.2d 1194
(1994), citing Home Oil Co. v. Todd, 195 Conn. 333, 341,487 A.2d 1095 (1985). As such, the instant counterclaims are subject to abatement. The plaintiff has supplied the court with an affidavit from its attorney who represents the plaintiff in the instant action as well as the prior pending action. In addition, the plaintiff has supplied the court with a verified complaint from the prior action.
Accordingly, the motion to dismiss the defendant's counterclaims is granted.
Motion to Strike:
Next, the court considers the motion to strike the defendant's five special defenses. The special defenses are as follows: (1) breach of the implied covenant of good faith and fair dealing, (2) CUTPA violations, (3) reckless disregard for the rights of the defendants, (4) negligent disregard for the rights of the defendants, and (5) breach of contract.
The traditional defenses that are available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. See Petterson v. Weinstock, 106 Conn. 436,441, 138 A.2d 433 (1927). In addition, courts have also allowed several additional equitable defenses to a be raised in a foreclosure action: fraud, equitable estoppel, leaches, CUTPA, refusal to agree to a favorable sale to a third party, and unclean hands. See generally National Mortgage Co. v. McMahon, CT Page 3658 Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.).
"While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they `attack the making, validity or enforcement of the lien, rather than some act or procedure of the lien holder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connectionwith the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action.'" (Emphasis added.) Dime Savings Bank v. Albir, SuperiorCourt, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.), quoting LawallRealty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); see also Federal National Mortgage v. Wang, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.)(same). Courts have held that defenses to foreclosure are recognized when they attack the note itself rather than some behavior or business practice of the mortgagee. See Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). This court has previously adhered to this reasoning.
Here, the defendant's five special defense are alleging facts that fail to assert any connection with this foreclosure action because the claims fail to attack the making, validity or enforcement of the note or mortgage. The defendant's allegations may show that he has claims against the plaintiff, but those claims only attack the business judgment of the plaintiff. The defendant may pursue these claims in a separate action. In fact, the defendant has brought such claims in the prior pending action of Benedetti v. Derby Savings Bank, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 0449996 (verified complaint dated March 31, 1995).
Therefore, the motion to strike the five special defenses of the defendant is granted.
CURRAN, J.
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113) DISCLOSURE OF DEFENSE
CT Page 3659
CURRAN, J.
A motion to strike cannot be directed at a disclosure of defense. See Practice Book § 152 (not enumerated as a pleading which may be stricken); Mountain Brook Property Owner's Assn., Inc.v. Saldamarco, Superior Court, judicial district of New Haven at New Haven, Docket No. 356174 (October 6, 1994, Celotto, S.T.R.);Szabo v. Scopp, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 046555 (August 31, 1994, Curran, S.T.R.). Practice Book § 236 is a discovery mechanism for a plaintiff in certain cases to demand a defendant to disclose any bona fide defenses that the defendant believes exist. If the defendants do not file a disclosure of defense after it is demanded, then the plaintiff has enumerated remedies under Practice Book § 236.
Therefore, the plaintiff's motion to strike the defendants' disclosure of defense is denied.
Curran, J.