[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this medical malpractice action has filed a motion for order of compliance and for sanctions with respect to the deposition of the defendant, Dr. D. Ian Campbell. The plaintiff noticed Dr. Campbell's deposition for September 8, 1997 at 2:00 p.m. Dr. Campbell appeared at the deposition as scheduled with his attorney. Plaintiff's counsel contends, however, that the orderly conduct of the deposition was delayed significantly because of the numerous objections and interruptions of Dr. Campbell's counsel (hereafter called defense counsel) and he therefore seeks sanctions.
The parties agreed at the outset of the deposition to waive until trial all objections except as to the form of the question. A review of the transcript of Dr. Campbell's deposition reveals numerous objections and interruptions by his counsel. For example, she interrupted Dr. Campbell when he was answering the questions, saying "If you remember. If you need to see the medical record, I'm sure they have a copy of it here." (Tr. 8) and "Wait, wait, wait." (Tr. 43) She also objected repeatedly to questions based on the form of the question, which is proper, but then she improperly expounded on the objection, often in a way which may have suggested answers to the deponent:
 MS. SACCO: Objection to the form of the question. Where is it in the record that Myrna Hagbourne suffered from a circulatory problem? I mean, I assume this is a hypothetical question based upon the facts in the case, which I have no problem with, but it's got to be based on the facts of the case. The doctor wasn't present when this problem initially occurred so you are asking him his opinion based upon a hypothetical situation, otherwise because he wasn't present he doesn't have knowledge of all the facts in the case. I'm not sure there's any issue in this case relative to circulatory problems. Now, if the doctor knows about a circulatory problem, maybe he can answer the question but I'm not aware of it.
(Tr. 61-62) She responded in quarrelsome fashion to questions put to the deponent:
 Q. My question was whether or not you recall doing any other anesthesia procedures during the period of time that Myrna Hagbourne's operation was taking place? CT Page 14010
 MS. SACCO: And he told you he thinks he was doing a lunch relief.
(Tr. 64) Here is another example:
 Q. No. Let me finish the question, please. Does your office keep track of billing that you would have done for that particular day?
 MS. SACCO: Objection to the form. They are not like lawyers. They don't have time sheets.
 MR. D'AMICO: Are you objecting to the form of the question?
MS. SACCO: Yes. I'm trying to help you.
 MR. D'AMICO: Let me put on the record that if Attorney Sacco has an objection to the form of my question, she can state it on the record and we'll move on from there. If the doctor doesn't understand my question or can't answer it, he can simply tell me that.
MS. SACCO: I'm trying to help you, Mr. D'Amico.
 MR. D'AMICO: But I'm not looking for speaking objections because we'll be here till 9 o'clock.
 MS. SACCO: And I'm trying to — first of all, we're not going to be here until 9 o'clock because I won't stay here till 9 o'clock.
THE WITNESS: I won't either.
 MS. SACCO: I'm just trying to help you out, okay. They are not like lawyers. They don't have time sheets. They don't bill the same we do. I think it would be difficult — I think it would be impossible to know what other procedure the doctor was attending to at that given time unless we knew the name of that person, then there would be a little record on the anesthesia sheet for that person.
MR. D'AMICO: You may know that based on your CT Page 14011 conversations with your client.
 MS. SACCO: I know that because I do a lot of medical malpractice work, that's all.
 MR. D' AMICO: There may or may not be records that I want to know about.
(Tr. 66-67) A further example is:
 Q. As this standard was in effect on January 31st of 1994, was it — was it your goal as a practicing anesthesiologist to abide by it?
MS. SACCO: Objection.
A. I got to read the thing first.
 MS. SACCO: Well, did you in the operating room as you were there, did you say to yourself, I need to abide by the standards for basic anesthetic monitoring as approved by the house of delegates on October 21, 1986?
MR. D'AMICO: That wasn't the question.
MS. SACCO: Well, that's my question.
 MR. D'AMICO: You are not asking the questions, I am. Do I need to get a judge to tell you that?
 MS. SACCO: You know, you keep threatening that if that's something I have a fear of and I assure you I do not. I feel very confident if anyone reading this transcript, they'd see it more towards my way of thinking than yours.
 MR. D' AMICO: I'm not saying it as a threat. I'm saying it because you are constantly interrupting what would be the short, normal and orderly flow of this deposition with speaking objections.
(Tr. 112-113) This is not an exhaustive listing of each instance of improper conduct by defense counsel at the deposition. The court found numerous additional instances of such CT Page 14012 misconduct throughout the deposition transcript.
The giving of notice for a deposition constitutes an order to the deponent to appear and submit to examination. Pavlinko v.Yale-New Haven Hospital, 192 Conn. 138, 143 (1984). Examination and cross-examination of the deponent are to be as permitted at trial. Id. Practice Book § 247. Therefore, in accordance with Practice Book § 288, counsel is to state the grounds of objection "succinctly."
It is obvious from a review of the deposition transcript that the objections of counsel for Dr. Campbell were not succinct. Moreover, the frequent interruptions made by defense counsel were improper, argumentative and time-consuming, with the result that the plaintiff did not have a proper and orderly deposition of Dr. Campbell.
Pursuant to Practice Book § 231 the court has the discretion to "make such order as the ends of justice require" for the failure to appear and testify at a deposition duly noticed. The trial court has broad discretion to fashion and impose sanctions for failure to comply with our rules of discovery. Northeast Savings v. Plymouth Commons Realty,229 Conn. 634, 638 (1994). An award of the opposing party's attorney's fees has been ordered as a sanction for improper deposition conduct. Thomson v. Thomson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. FA93-0311220S, 12 CONN. L. RPTR. 604 (October 26, 1994).
The parties have agreed that the deposition of Dr. Campbell will be rescheduled. They have no agreement with respect to the remaining sanctions requested, in part because Dr. Campbell's counsel insists that her conduct was proper. The court finds no merit to any of her contentions, including the claim that her conduct was proper. The plaintiff's motion for sanctions is granted as hereinafter set forth.
A sanctions order against an attorney has both a compensatory and a deterrent purpose. CFM of Connecticut Inc. v. Chowdhury,239 Conn. 375, 402 (1996). The court's objective is to compensate a party for expenses incurred as a result of wrongful conduct as well as to deter any further instances of such misconduct. Id. The deposition transcript reveals that the duration of the deposition was approximately two and one half hours. After reviewing the transcript, the court finds that approximately CT Page 14013 one-third of the deposition time was attributable to defense counsel's prolix objections and improper interruptions. The court orders defense counsel to pay attorney's fees to the plaintiff in the amount of $300. The court recognizes $150 as a standard hourly rate for attorney's fees for litigation matters and awards one hour of fees for plaintiff's counsel's deposition attendance attributable to defense counsel's misconduct and one hour for both the preparation of the motion for sanctions and the court appearance for argument of the motion. This sum is to be paid within thirty days. The remaining relief requested by the plaintiff is denied.
VERTEFEUILLE, J.