[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM THE JURY DOCKET #115
After several amendments, the plaintiff, The Cadle Company, on February 5, 1996, filed a revised two count complaint seeking to foreclose a mortgage on property of the defendant, Mead W. Batchelor, by way of the first count and indemnification against defendants, Karl J. Jalbert and Harvey G. Fotter, partners of Countrywood Hills Association by way of the second.
The Cadle Company's complaint alleges the following facts: "On or about March 20, 1991 the defendant Mead W. Batchelor executed and delivered to Countrywood Hill Associates, a Promissory Note in the . . . amount of $44,970.21 . . ." (Third Amended Complaint, Count I, ¶ 1.) The complaint alleges that "Country Hills Associates endorsed the Note over to Great Country Bank . . . [who] endorsed the Note over to The Cadle Company on or about May 14, 1994." (Id., ¶¶ 2-4.) The complaint alleges CT Page 12251 that "[t]o secure the Note Mr. Batchelor executed and delivered to Country Hills Associates a mortgage . . . on property known as Unit 158 Country Hills Condominium, 380 Hitchcock Road, Waterbury, CT . . . Country Hills assigned the Mortgage to Great Country Bank . . . Great Country Bank assigned the Mortgage to The Cadle Company by an assignment dated June 15, 1994 . . ." (Id., ¶¶ 6-9.) The complaint further alleges that "[t]he Note is in default . . . [and] [t]he plaintiff has declared the entire amount of the Note and all sums due . . . [and the] Plaintiff is entitled to foreclosure of the Mortgage." (Id., ¶¶ 10-17.)
"A party can move that a case be stricken from the jury docket by a motion to strike . . . In ruling on the motion to strike, the court is limited to the facts alleged in the pleadings . . ." (Citations omitted.) Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (November 9, 1993, Curran, J.), aff'd,41 Conn. App. 908, 675 A.2d 10, cert. denied, 237 Conn. 929, 678 A.2d 484
(1996). "In [considering] a motion to strike . . . [courts] must construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . ." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp. , 240 Conn. 576, 588, 693 A.2d 293
(1997).
The Cadle Company argues that its motion to strike Mead W. Batchelor's claim to the jury docket should be granted because "[m]ortgage foreclosure actions are `peculiarly equitable' in nature . . . and hence do not give rise to the right to a jury trial." (Citations omitted; internal quotation marks omitted.) (Plaintiff's Memorandum of Law In Support Of Motion To Strike From Jury Docket, p. 1.)
Mead W. Batchelor argues that "[t]he plaintiff in this foreclosure action is the third holder of the promissory note of the defendant Mead W. Batchelor . . . [T]he plaintiff has alleged . . . that the second holder, which endorsed the note to the plaintiff without recourse, was a holder in due course . . . Similarly, it has alleged . . . that the plaintiff is a holder in due course . . . The plaintiff may not be a holder in due course for any number of reasons. The plaintiff has assumed the burden of proving its status and right to recover a judgment against the CT Page 12252 defendant Mead W. Batchelor pursuant to the facial obligations of his note. Its right to relief claimed is dependant upon factual findings yet to be made." (Memorandum In Opposition To Motion To Strike, p. 1-2.)
Mead W. Batchelor further argues in his disclosure of defense that "[t]he general nature and substance of the defense is that the note as endorsed in June 1992, which is at issue in this matter has been pledged as collateral for another obligation and therefore the transfer of the note to the plaintiff had to comply with U.C.C. Article 9, which Article was not complied with. The plaintiff had knowledge that the note was collateral and accepted said note in bad faith. The plaintiff is not a holder in due course." (Disclosure of Defense, p. 1.)
"It is well settled that the right to a jury trial under article first, § 19, of the Connecticut Constitution, as amended, does not include a right to a jury trial in an equitable action." Texaco, Inc. v. Golart, 206 Conn. 454, 458,538 A.2d 1017 (1988). "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice is done between the parties." (Internal quotation marks omitted.) Virginia Corp. v.Galanis, 223 Conn. 436, 448, 613 A.2d 274 (1992).
"The majority of the superior court cases . . . have held that there is no right to a jury trial in a foreclosure action, even though the special defenses and counterclaims raise legal issues . . ." Union Trust Co. v. Ramzan, Superior Court, judicial district of New Haven, Docket No. 306809 (November 19, 1993, Celotto, J.). "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action at law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed . . . This analysis must be performed in the context of the pleadings when read as a whole." (Citations omitted; internal quotation marks omitted.)Northeast Savings, F.A. v. Plymouth Commons Realty Corp. ,229 Conn. 634, 641-42, 642 A.2d 1194 (1994). CT Page 12253
"`When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine without a jury in the exercise of its equitable powers.' (Citations omitted.) United StatesTrust, Co. v. Bohart, 197 Conn. 34, 45, 495 A.2d 1034 (1985). To determine whether the action is essentially legal or essentially equitable, the court must examine the pleadings in their entirety. Texaco v. Golart, [supra, 206 Conn. 459]." People'sBank v. Podd, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287559 (September 7, 1993, Leheny, J.).
"A defendant cannot by the assertion of defenses and counterclaims which are `legal' in nature, convert a foreclosure case from its essentially equitable nature to a legal cause of action thereby requiring a jury trial." (Citations omitted.)People's Bank v. Podd, supra, Superior Court, Docket No. 287559. However, "the trial court has discretion to retain the foreclosure portion of the case on the court side list, while placing the counterclaim on the jury list." Connecticut National Bank v.Rytman, 241 Conn. 24, 54, 694 A.2d 1246 (1997).
"Regardless of the fact that [a] counterclaim states legal causes of action, it is nonetheless merely ancillary to the foreclosure action in that it attacks the making and validity of one of the notes secured by the mortgages being foreclosed." (Citations omitted; internal quotation marks omitted.) NewMilford Savings Bank v. Zukov, Superior Court, judicial district of Danbury, Docket No. 311460 (December 27, 1993, Stodolink, J.).
Accordingly, Mead W. Batchelor's challenge to the validity of The Cadle Company's status as a holder in due course of the note at issue is an ancillary issue in the instant foreclosure action.
Therefore, based on the foregoing, The Cadle Company's motion to strike Mead W. Batchelor's claim for a jury is granted on the ground that the issues present in this foreclosure action are essentially equitable.
WEST, J.