[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
Presently before the court is the plaintiff's objection to the defendants' claim for a jury trial on their counterclaim. The plaintiff does not dispute that the defendants are statutorily entitled to a jury trial on their counterclaim alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes § 42-110g (g) provides in relevant part: "In any action brought by a person under this section there shall be a right to a jury trial. . . ." Stauffer v.Manganello, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 39995 (April 1, 1996, Curran, J.).
The defendants' right to a jury trial on their CUTPA counterclaim, however, encompasses only that and does not create a right to a jury trial as to the plaintiff's equitable foreclosure action. Practice Book § 16-11; Northeast Savings. F.A. v. Plymouth Commons Realty Corp.,229 Conn. 634, 641, 642 A.2d 1194 (1994);669 Atlantic Street Associates v. Atlantic-Rockland Stamford Associates,43 Conn. App. 113, 128-132,682 A.2d 572, cert. denied, 239 Conn. 949, 950, 686 A.2d 126 (1996).
 II
The plaintiff claims, however, that the defendants' jury claim was untimely filed. The plaintiff claims that it filed a reply to the defendants' counterclaim on June 12, 2000, which then joined an issue of fact and began the running of the ten day period under General Statutes § 52-215, which provides that "[w]hen . . . an issue of fact is CT Page 15523 joined, the case may, within ten days after such issue is joined, be entered in the docket as a jury case upon the request of either party made to the clerk. . . ." The plaintiff argues, therefore, that the defendants had until June 22, 2000, to file a claim for a jury. The plaintiff argues that although the jury claim form bears a file date of June 22, 2000, the defendants' jury claim was not filed until the defendants paid the required fee on the next day, as purportedly evidenced by the fact that the receipt for such payment bears the date of June 23, 2000. The defendants dispute that their claim for a jury was untimely and represent that they submitted a check in the amount required on the same day that they filed the jury claim form, namely, on June 22, 2000.
To ascertain whether the defendants' claim for a jury was timely, the court must determine when the ten day period began to run, specifically, "[w]hen . . . an issue of fact [was] joined." General Statutes §52-215. This requires close examination of the pleadings of the parties and the dates on which they were filed.
The plaintiff filed its foreclosure complaint on July 16, 1998. The defendants filed an answer and special defenses to the plaintiff's complaint as well as a counterclaim on September 15, 1998. On November 29, 1999, the plaintiff filed a motion to strike the defendants' answer, special defenses and counterclaim, which motion was denied by the court,Satter, J., on December 20, 1999. Thereafter, on June 12, 2000, the plaintiff filed a reply to the defendants' special defenses to the plaintiff's complaint, an answer and special defenses to the defendants' counterclaim and a claim of setoff against the counterclaim. On June 22, 2000, the defendants filed a reply to the plaintiff's special defenses to their counterclaim and an answer to the plaintiff's claim of setoff against the counterclaim.
It is apparent, then, that the defendants' June 22, 2000 reply denying the allegations of the plaintiff's special defenses to their counterclaim as well as their answer to the plaintiff's claim of setoff against the counterclaim were both proper and necessary pleadings to join the issue. Therefore, the ten day period under § 52-215 began to run when the defendants' reply to the plaintiff's special defenses to their counterclaim was filed on June 22, 2000.
The defendants filed the claim for a jury on June 22, 2000. Under whatever circumstances it came to be that the receipt for the required fee was dated the next day, on June 23, 2000, this fact is immaterial since it is clear that the defendants' claim for a jury and payment were made within ten days of the issue being joined. CT Page 15524
The plaintiff's objection to the defendants' claim for a jury trial as to the counterclaim is overruled.
Stengel, J.