[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE MOTION TO STRIKE
This matter concerns a foreclosure action against the defendant. Since the filing of the Complaint, the defendant filed a Counterclaim and claimed the matter for a jury trial, by way of a Jury Claim dated April CT Page 1043 10, 2000. By way of a Motion to Strike, the plaintiff now seeks to strike the defendant's Jury Claim on the grounds that this is a foreclosure action and as such this is no right to a jury trial. The plaintiff further asserts that the defendant's counter claims do not allege a cause of action that give a right to a jury trial.
It is well-settled law in the state of Connecticut that foreclosure actions are equitable in nature and, therefore, do not give rise to a right to a jury trial. Northeast Savings, F. A. v. Plymouth CommonsRealty Corp., 229 Conn. 634, 640 (1994).
In the instant action, the defendant has filed counterclaims to the plaintiff's action. .
. . Because a counterclaim is an independent action, the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable. This analysis must be performed in the context of the pleadings when read as a whole. (internal citations omitted)
Id. at 641.
In its counterclaims, the defendant asserts that the plaintiff breached the mortgage that is the subject of this action. Although the defendant is seeking to use such moneys in an equitable manner, i.e. as a setoff against any money that may be owed to the plaintiff, the essence of the counterclaims is essentially a breach of contract. Since a breach of contract is a legal cause of action the defendant is entitled to a jury trial.
Richard A. Robinson, J.