JEANETTE NOWEY *v.* MEYER L. KRAVITZ

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 6—decided February 11, 1947

*Charles G. Albom,* with whom, on the brief, were *Nelson Harris* and *David Jacobs,* for the appellant (plaintiff in error).

*Meyer L. Kravitz,* per se, the appellee (defendant in error).

PER CURIAM. This is an appeal from a judgment of the Court of Common Pleas dismissing a writ of error in a summary process action. The defendant, hereinafter called the landlord, brought the action against the plaintiff, hereinafter called the tenant, before a justice of the peace. In response to a motion for oyer a copy of the lease was filed. It contained a provision: ". . . the Tenant waives and will waive all right to trial by jury in any summary proceeding hereafter instituted . . . against the Tenant in respect of the demised premises. . . ." The tenant filed a motion for a jury trial, but subsequently on motion of the landlord the justice struck the case from the jury docket. The only error claimed is this ruling of the justice.

In this jurisdiction summary process actions are tried to a jury only on motion of one of the parties made in accordance with the provisions of § 5973 of the General Statutes. *Thompson* v. *Main,* 102 Conn. 640, 641, 129 A. 786. A right of trial by jury even when guaranteed by the constitution may be waived; *Leahey* v. *Heasley,* 127 Conn. 332, 336, 16 A.2d 609; *State* v. *Rankin,* 102 Conn. 46, 49, 127 A.

916; and, where a statute provides that an action shall be tried by jury only when claimed for the jury docket, a failure to make such a claim waives the right. *Noren* v. *Wood,* 72 Conn. 96, 98, 43 A. 649. In a pending action of summary process a party can voluntarily waive trial by jury and does so unless he makes a motion that the case be so tried; a binding agreement for such a waiver made in advance of the institution of such an action does not violate public policy; and there is no reason why such an agreement should not be given effect, as the justice did in his ruling. *Waterside Holding Corporation* v. *Lask,* 233 App. Div. 456, 253 N.Y.S. 183; *Van Leyden v. 360 East 55th Street Corporation,* 39 F. Sup. 879. Both parties to the lease are residents of, and the premises are located in, Connecticut; the only "summary proceeding . . . in respect of the demised premises" known to our law would be an action of summary process; and the parties must have intended the provision in the lease to apply to such an action.

There is no error.