[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to strike the defendants' claim to the jury docket. The defendants on May 29, 1992 answered the complaint, filed special defenses and counterclaims and filed their claim for jury trial. The jury claim was made pursuant to and in accordance with the provisions of Conn. Gen. Stat.52-215. The plaintiff responded by moving to strike the Claim for Jury Trial by motion dated June 17, 1992.
The plaintiff claims that the defendants waived their right to trial by jury by virtue of the fact that a provision in the printed promissory note and the printed guaranty agreements contained a paragraph to that effect in the documents. See plaintiff's Exhibits A, B and C.
The court set the matter down for and conducted an evidentiary hearing on the question of waiver.
Waiver is the intentional relinquishment of a known right. Rosenthal v. State Bar Examining Committee, 116 Conn. 409, 418.
The party claiming waiver has the burden of proving its claim. Cleary v. Zoning Board, 153 Conn. 513, 518.
The defendant, Raymond W. Brennan, was called to testify. He was president of the defendant corporation. There was a previously existing line of credit. The plaintiff's representative, Mr. Ferris, came to the defendant's place of business. Mr. Ferris claimed that the plaintiff bank would accelerate the existing line of credit obligations if the defendant Toyota, Inc., did not provide security in the form of personal guarantees by Mr. Brennan and his daughter, the defendant Lynn B. Creighton. Mr. Ferris claimed it was an "update of the file." The entire transaction took ten to fifteen minutes. No attorneys were present. The new note was a single demand note at: "the Bank's Base Rate . . . plus 1.5%, with an initial rate of interest of 10%." He did not read the multiple other paragraphs of the note. He personally endorsed CT Page 5935 the note and signed the guaranty. He understood that he was guaranteeing the payments and signed the guarantee presented to him. He did not read the text of the note or the guarantee.
He did not read the provision concerning waiver of jury trial. Realistically there was no real choice but to sign the note, or have the line of credit revoked, the previous note called and go under for lack of essential credit to run a business such as this.
The testimony of Mr. Brennan's daughter Lynn Creighton affirmed the testimony of Mr. Brennan. Mr. Ferris did not mention anything to her or her father concerning jury trial nor did she read the provision concerning jury trial. All she knew was that she was guaranteeing the note. The transaction was brief and pro forma.
Mr. Ferris was in the courtroom with plaintiff's counsel. There was ample opportunity to contradict any of the above facts. No such contradiction was accomplished.
The court finds that none of the defendants knew of the provisions concerning jury waiver.
DISCUSSION
The right to jury trial is guaranteed by Section 19 of Article I of the Constitution of this state, adopted December 14, 1965. Article IV of the Amendments to the Constitution, adopted December 22, 1972 reaffirms the right of citizens to have their matters tried by jury, and that this right is of such a fundamental nature that it is not to be circumscribed by proffered exigencies of the moment. It is against this background that the plaintiff claims that the unilateral insertion of a jury waiver clause in these documents constitutes a waiver of that fundamental constitutional right.
The plaintiff cites Nowey v. Kravitz, 133 Conn. 394, 396 in support its claim of waiver. That case involves a summary process action, a statutory action. The perogative of jury trial in those actions was created by statute and has since been eliminated by statute. Conn. Gen. Stat. 52-215. It does not appear that the defendant in that case claimed that he was not aware of the purported waiver, but rather he sought to have a presumably bargained for agreement set aside on the grounds of CT Page 5936 public policy.
The plaintiff further relies upon the case of Batter Building Materials Co. v. Kirschner, 142 Conn. 1. That case involved an alternative remedy to suit, specifically sanctioned by statute, i.e. arbitration. Though binding the parties to the provisions of the written contract, the court specifically acknowledged that such binding effect will not be imposed in the event of mistake or unfair dealing. Batter v. Kirschner, supra, p. 7.
Neither of the cited cases stand for the proposition that the mere signing of a document purporting to waive a constitutional right will be automatically enforced against a party.
Parties may by statute waive their right to the constitutional right to trial by jury. Conn. Gen. Stats. 52-214 provides for waiver by inaction. Yet that waiver is within the format of the court proceedings itself, under the auspices of attorneys who are able to intelligently advise and counsel parties as to the extent of the right and the serious nature of abandoning such right. However, even within that framework the Supreme Court has concluded that the statute allowing such waiver . . . "should be construed so as not to deprive a party of his full right to trial by a jury." See Leahey v. Heasley, 127 Conn. 332, 336 (1940). Further, the court retains the inherent power to place cases upon the jury docket. Conn. Gen. Stat. 52-215.
Similarly, an in court election by a party does constitute actual waiver of the constitutional right to jury trial (see State v. Rankin, 102 Conn. 46, 49 (1925). Such waivers are made within the safeguards of judicial supervision.
Waiver of the constitutional right to jury trial may be made within the context of judicial safeguards. Waiver may be made by the specific and knowing agreement of the parties. The mere inclusion of a waiver provision in a document does not in and of itself automatically in all instances constitute a binding waiver by the party against whom waiver is claimed.
The court finds from the evidence that the defendants did not know of the waiver provision in the documents. The court finds that the arbitrary urging imposed upon the defendants to CT Page 5937 immediately sign these documents so as to "update the file", under threat of accelerating the previous notes, constitutes both mistake and unfair dealing as concerns the purported waiver of the constitutional right to trial by jury. This case is ordered to be on the jury docket.
The motion of the plaintiff to strike the claim for jury trial is denied.
Sullivan, J.