[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE CASE FROMJURY DOCKET
Schatz Schatz, Ribicoff Kotkin for plaintiff.
Martin W. Hoffman for defendant.
CT Page 7614
This is a contract action in which the plaintiff, Fleet Bank, as the successor in interest to United Bank and Trust, seeks to enforce the terms of a guarantee agreement on a loan made to a general partnership, Blume Elbaum, and guaranteed by the defendant, Daniel Blume, Esq. The guarantee agreement contained this provision:
 The undersigned hereby waives trial by jury in any court in any suit, action or proceeding on any matter arising in connection with or in any way relating to the financing transactions of which this agreement is a part and/or the enforcement of any of your rights and remedies. The undersigned acknowledges that he makes this waiver knowingly, voluntarily and only after extensive consideration of the ramifications of this waiver by his attorneys.
Fleet commenced this action on November 2, 1993. On March 3, 1994, Blume filed his answer, special defenses and a counterclaim and on March 7, 1994, claimed the case for the jury docket. On March 28, 1994, Fleet filed this motion to strike Blume's claim to the jury docket claiming that Blume waived his right to a jury trial in the guarantee agreement cited above.
Blume contends that the waiver should not be enforced because he did not intentionally relinquish his right to a jury trial. He acknowledges that he read the waiver provision, but claims that he would not have obtained financing if he had objected to the waiver provision and he therefore had no choice but to sign it. He further argues that the waiver applies only to matters arising in connection with the financing transaction, and since his special defenses and counterclaim are based on events that occurred long after the financing transaction was concluded and, therefore the waiver provision does not apply. CT Page 7615
A party may knowingly and intentionally waive his right to a jury trial. Krupa v. Farmington River PowerCo., 147 Conn. 153, 156 (1960); Nowey v. Kravitz,133 Conn. 394 (1947); Peabody International v. CoordinationTech., Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 103418 (May 18, 1992, Nigro, J.).
A waiver of a jury trial is invalid, however, if the defendant was either unaware of the waiver or a victim of unfair dealing. Connecticut National Bank v. SwanneyToyota, Inc. 8 CSCR 692 (June 9, 1993, Sullivan, J.). Blume does not allege either circumstance here. In Noweyv. Kravitz supra our Supreme Court held that a binding agreement for a jury waiver made in advance of the institution of the action does not violate public policy; and there is no reason why such an agreement should not be given effect.
The argument that the waiver does not apply to the counterclaim and special defenses, is without merit. Pursuant to the guarantee agreement, the waiver applies to "any matter arising in connection with or in any way relating to the financing transactions of which this agreement is a part"; the waiver is not limited to events contemporaneous with the signing of the promissory note.
Since it appears that the defendant voluntarily and knowingly waived his right to a jury trial, Plaintiff's motion to strike the claim to the jury docket is granted.
Wagner, J.