[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET
On November 1, 1994, the plaintiff, Centerbank, initiated a breach of contract action on nine unsecured promissory notes against the defendants, Philip R. Fazzone and Adelaide B. Fazzone, alleging that the defendants have defaulted on the notes. Each of the nine notes contains a jury waiver provision which is set forth in the last paragraph immediately above the individual signature of Borrower (2), Adelaide B. Fazzone.
On March 22, 1995, the defendants filed an answer and asserted five special defenses including (1) payment; (2) the plaintiff lacks standing; (3) breach of the obligation of good faith and fair dealing; and (4) exemption of farm assets; and (5) the defendants requested a marshalling of the assets in a companion suit entitled Centerbank v. Philip R. Fazzone, CV-94-0066477, J.D. of Litchfield at Litchfield, in order to satisfy the plaintiff's debts.
The defendants claimed the case to the jury trial list on March 24, 1995. The plaintiff now moves to strike the case from CT Page 12036 the jury docket pursuant to Practice Book § 282 and has filed a memorandum of law in support of the motion to strike. The defendants have filed a memorandum in opposition to the plaintiff's motion to strike from the jury docket.
An evidentiary hearing was held on October 10, 1995, wherein Dr. Fazzone testified that he did not read any of the nine promissory notes before signing them and testimony from Mrs. Fazzone on the collateral matter referred to above, did not provide any reason to believe that she had read notes either. Dr. Fazzone testified that he did not so much as scan the documents to ascertain the amount of the notes or the interest. Dr. Fazzone also testified as to his educational background which was extensive and that he is a cardiologist who has been practicing for 32 years. In addition, Dr. Fazzone testified that he was not represented by counsel when he signed the notes which was done informally either at his office, or home, or at the bank's office.
DISCUSSION
Practice Book § 282 provides: "If in the opinion of the court a case or matter is improperly upon a trial or assignment list, it will be stricken from the list, or otherwise disposed of, at the discretion of the court. Cases may at any time, by order of the court, be placed on either list." A party can move that a case be stricken from the jury docket. See Falk v.Schuster, 171 Conn. 5, 7, 368 A.2d 40 (1976).
The Connecticut Supreme Court has set forth the following standards which are used to determine whether a party is entitled to a trial by jury: "The constitution of Connecticut, article first, 19, states that [t]he right of trial by jury shall remain inviolate." (Citations omitted; Internal quotation marks omitted.) Skinner v. Angliker, 211 Conn. 370, 373-74,559 A.2d 701 (1989). The Connecticut Supreme Court has held, however, that "the right to a jury trial is a right, which like other rights, may be waived but it is a right the waiver of which is not to be inferred without reasonably clear evidence of intent to waive. . . . Whether a party has waived his right to a jury trial presents a question of fact for the trial court." (Citations omitted.) Krupa v. Farmington River Power Co., 147 Conn. 153,156, 157 A.2d 914, cert. denied, 346 U.S. 506, 81 S.Ct. 281,5 L.Ed.2d 258 (1960). CT Page 12037
In the present case, the plaintiff argues that the court should consider the following factors in determining whether the jury waiver in each of the nine promissory notes should be enforced: "(1) whether the jury waiver was conspicuous; (2) whether the parties were represented by counsel; (3) whether the parties were on equal footing in their negotiations; and (4) whether the party objecting to the waiver actually had a choice as to whether to accept the waiver provision." (Plaintiff's memorandum of law in support of motion to strike at p. 3). The plaintiff argues that by virtue of the fact that the waiver was contained in nine separate notes, the relinquishment can not be said to be unintentional or unknown. It is noted that although the waiver was conspicuous in that it was immediately above one of the two signature lines, this does not dispense with the other considerations. In this case, the notes were signed by the parties without representation by counsel. As to the remaining criteria, equal footing and choice, the plaintiff did not carry the burden of proving these criteria.
The defendants' argue that the waiver in this case was not knowingly and intelligently made and that the motion to strike should therefore be denied. "Waiver may be made by the specific and knowing agreement of the parties. The mere inclusion of a waiver provision in a document does not in and of itself automatically in all instances constitute a binding waiver by the party against whom waiver is claimed." The Connecticut NationalBank v. Swanney Toyota, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506919 9 Conn. L. Rptr.2418 CSCR 692, 693, (June 9, 1993) (Sullivan, J.). In this case, it was clear from the testimony of the defendants that they did not know of the waiver clause in the documents simply because they admittedly did not read the documents. Although the court is aware of the fact that people are to be held responsible for duties they freely undertake in entering contracts, and that they are responsible for reading what they sign,[1] the court is also aware of the importance of the right to a jury trial. A waiver of a jury trial is invalid if the defendant was either unaware of the waiver, or a victim of unfair dealing or mistake. ConnecticutNational Bank v. Swanney Toyota, Inc., supra, 9 Conn. L. Rptr. 241,8 CSCR 693.
In Nowey v. Kravitz, 133 Conn. 394, 396, 51 A.2d 495 (1947), the court stated that "a binding agreement for . . . a waiver made in advance of the institution of such an action does not violate public policy; and there is no reason why such an agreement should not be given effect." However, that case and CT Page 12038 others relied upon by the plaintiff do not stand for the proposition that a jury waiver clause will always be upheld. The plaintiff, in fact, sets out the considerations a court should weigh in deciding whether the waiver was knowing and voluntary. In this case, the court finds, and the testimony supports, that the waiver was not made knowingly and therefore denies the motion to strike.
PICKETT, J.