[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 2, 1996
FACTS
This action arises out of a loan from the defendant, Webster Bank (Webster), to the plaintiff. Happens, LLC (Happens), for the purchase of a condominium complex. The plaintiffs assert a variety of claims based upon Webster's alleged breach of an agreement to provide "end-loan financing" to the purchasers of the individual condominium units. Webster filed an answer and also a counterclaim seeking to foreclose the mortgage that CT Page 6345 secured the underlying loan. The plaintiff filed a claim for a jury trial on April 3, 1996. The plaintiff has not yet filed a pleading in response to the counterclaim.
Webster has filed a motion to strike this case from the jury docket on the grounds that: (1) the plaintiff waived its right to a jury trial pursuant to the terms of the note, mortgage and guaranty supporting the underlying loan, each of which contain a clear and conspicuous waiver of the right to trial by jury; (2) the claim for a jury trial, dated April 3, 1996, was untimely pursuant to General Statutes § 52-215 because it was not filed within ten days from the date the pleadings in this action were closed, which, Webster claims, occurred when Webster filed its answer on February 13, 1996; and (3) to the extent that the plaintiff's demand for a jury trial is directed at the defendant's counterclaim for foreclosure, no right to a jury trial exists because such actions are equitable in nature.
The defendant claims first that the plaintiff waived its right to a jury trial pursuant to a jury waiver provision in the note, mortgage and guaranty supporting the underlying loan. Because the jury waiver provision in each of the above documents is clear and conspicuous, because the plaintiffs were represented by counsel when they signed the loan documents, and because there is nothing to suggest that there was any meaningful disparity in the relative bargaining power of the parties, the defendants contend that the plaintiff has knowingly and intentionally waived its right to a jury trial.
The plaintiff does not argue that it was unaware of or did not understand the waiver provision, but rather contends that an evidentiary hearing, at which the defendant bears the burden of proof, is necessary before the court can determine whether the purported waiver is valid and enforceable. The defendant argues that the fact that the plaintiff was represented by counsel strongly militates in favor of a finding that the plaintiff had a choice as to whether to accept the waiver provision and that its failure to submit any information, whether in the form of an affidavit or otherwise, to suggest that the waiver was not knowing and voluntary or to rebut the defendant's claim, eliminates the need for an evidentiary hearing.
"The constitution of Connecticut, article first, § 19, states that [t]he right of trial by jury shall remain inviolate." (Internal quotation marks omitted.) Skinner v. Angliker,
CT Page 6346211 Conn. 370, 373-74, 559 A.2d 701 (1989). The Connecticut Supreme Court has held, however, that "the right to a jury trial is a right which, like other rights, may be waived but that it is a right the waiver of which is not to be inferred without reasonably clear evidence of intent to waive." Krupa v.Farmington River Power Co., 147 Conn. 153, 156, 157 A.2d 914
(1959), cert. denied, 364 U.S. 506, 81 S.Ct. 281, 5 L.Ed.2d 258
(1960). "[A] binding agreement for such a waiver made in advance of the institution of such an action does not violate public policy; and there is no reason why such an agreement should not be given effect . . ." Nowey v. Kravitz, 133 Conn. 394, 396,51 A.2d 495 (1947). "Waiver may be made by the specific and knowing
agreement of the parties. The mere inclusion of a waiver provision in a document[, however,] does not in and of itself automatically in all instances constitute a binding waiver by the party against whom waiver is claimed." (Emphasis added.)Connecticut National Bank v. Swanney Toyota, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506919 (June 9, 1993) (Sullivan, J., 9 CONN. L. RPTR. 241, 242) (denying a motion to strike after an evidentiary hearing where none of the defendants knew of the provision concerning jury waiver).
In determining whether the jury waiver in an agreement between the parties should be enforced, a court should consider the following factors: "(1) whether the jury waiver was conspicuous; (2) whether the parties were represented by counsel; (3) whether the parties were on equal footing in their negotiations; and (4) whether the party objecting to the waiver actually had a choice as to whether to accept the waiver provision." Centerbank v. Fazzone, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 066746 (October 19, 1995) (Pickett, J., 15 CONN. L. RPTR. 377, 378). "Whether a party has waived his right to a jury trial presents a question of fact for the trial court." Krupa v. Farmington River Power Co.,supra, 147 Conn. 156. In making this factual determination, several courts have concluded that an evidentiary hearing is necessary. See Connecticut National Bank v. Romagna, Superior Court, judicial district of New London at New London, Docket No. 521920 (December 1, 1994) (Hurley, J.); Bank of BostonConnecticut v. Rusconi, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 507230 (September 9, 1994) (Hennessey, J., 9 CSCR 1090); Bank of New York v. GriffisSandler Co., Superior Court, judicial district of Stamford-Norwalk at Stamford. Docket No. 122444 (March 16, 1993) CT Page 6347 (Rush, J.).
Other courts have apparently made waiver determinations without the benefit of an evidentiary hearing. See PeabodyInternational v. Coordination Technology, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 103418 (May 18, 1992) (Nigro, J., 6 CONN. L. RPTR. 437, 441) (motion to strike from the jury docket based on jury waiver in lease granted where there was "no information presented to this court that [the defendant] was not represented during negotiations, that the lease was not negotiated with care, that [it] was on unequal rooting and forced to accept the sublease as tendered. or that it was without choice but to accept"); AdvestCred. Corp. v. Pellicci's, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 093900 (April 4, 1991) (Mottolese, J.) (motion to strike from the jury docket granted despite the fact that the defendant indicated in his deposition that he did not read the documents before he signed them and that he would not have understood the jury waiver provision anyway, where the defendant had spent his entire adult life working or managing the restaurant in connection with which the documents were signed, he was not coerced or pressured into signing, he was not in a "no real choice" situation, and the waiver provisions were not in obscure locations or written in fine print).
In the present case, the waiver provisions were not in obscure locations or in fine print, and there has been no information presented to the court that the plaintiff was not represented by counsel during negotiations, that the parties were on unequal footing in their negotiations, or that the plaintiff had no choice as to whether to accept the waiver provision. Nevertheless, given the status of the right to jury trial in our state and nation's jurisprudence, this court is in accord with those cases that require an evidentiary hearing before determining that the right to a jury trial has been waived. SeeBank of Boston Connecticut v. Rusconi, supra, 9 CSCR at 1091.
The defendant also argues that Happens' jury claim was untimely under General Statutes § 52-215, which provides, in part, as follows: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . ." Home Oil Co. v. Todd, 195 Conn. 333,339, 487 A.2d 1095 (1985). To determine whether the CT Page 6348 plaintiff's claim for a jury trial was timely, the court "must determine when the ten day period began to run, that is, [w]hen . . . an issue of fact [was] joined." (Internal quotation marks omitted.) Id. The Connecticut Supreme Court has "said in this context that [t]he word `when' has been construed to mean `whenever.'" (Internal quotation marks omitted.) Id.
In Home Oil Co. v. Todd, supra, the plaintiff had filed a motion to strike the defendant's claim for the jury docket, asserting that the defendant's jury claim was not timely in accordance with General Statutes § 52-215. According to the plaintiff, the jury claim had not been filed within ten days from the time that the issues had been joined by the plaintiff's answer to the defendant's counterclaim. Id., 337-38. On appeal, the Supreme Court agreed with the defendant that "the plaintiff's pleading in reply to her [the defendant's] counterclaim set forth matters in avoidance that required a further pleading by her in order to close the pleadings." Id., 339. "The defendant also maintain[ed] that the pleadings were not closed until she filed her `Reply to Matters in Avoidance,' and, therefore, her claim for a jury was filed within the time limitations of § 52-215
because it was asserted prior to the date of her reply." Id.
The court in Home Oil Co. concluded that the defendant's "`Reply to Matters in Avoidance' was a pleading that joined new issues of fact in this case, and, therefore, the ten day period under § 52-215 began to run when it was filed on April 27, 1983." Id., 343. Although the defendant had filed a jury claim on April 7, 1983, a point in time when no viable ten-day period under § 52-215 was running, the court recognized that "a `premature' jury trial request remain[s] in the files until an issue [of fact is] joined . . . The request, never having been recalled, was a continuing authority to the clerk to place the cause on the jury docket upon the joining of issue." (Internal quotation marks omitted.) Id. "Therefore, in light of the April 7, 1983 claim by the defendant for the jury trial list and the subsequent joining of the issue of fact with the filing of the defendant's reply on April 27, 1983, this case was required to be entered on the jury trial docket." Id., 343-44. Accordingly, the court held that "the striking of the defendant's claim for the jury was clearly erroneous." Id., 344.
In the present case, the defendant filed an answer along with a counterclaim on February 13, 1996. The plaintiff filed a claim for a jury trial on April 3, 1996, at a point in time when no CT Page 6349 viable ten-day period under § 52-215 was running. Nevertheless, because the defendant's counterclaim alleged factual matters new to the action in this case, the plaintiff, as the defendant on the counterclaim, should be permitted to reply to them in a responsive pleading. See Home Oil Co. v. Todd,195 Conn. at 342, citing Practice Book §§ 112, 171. "Where responsive pleading is required . . . the issue is joined when the responsive pleading is filed." Id., 343. Therefore, the ten-day period under § 52-215 has not begun to run in this case.
Although the plaintiff's jury claim was premature, "a premature' jury trial request . . . [is] a continuing authority to the clerk to place the cause on the jury docket upon the joining of issue." Id., 343. In light of the April 3, 1996 claim by the plaintiff for a jury trial, therefore. the eventual joining of issue if and when the plaintiff files an answer to the defendant's counterclaim would require his case to be entered on the jury trial docket.
In its reply memorandum, the defendant suggests that the joining of an issue of fact with respect to the defendant's equitable counterclaim may not start the running of a new ten-day period under § 52-215 because that section does not recognize a right to a jury Trial for equitable claims. This argument is not without some appeal, although it is apparently without authority, and § 52-215 itself makes no such distinction. On balance, this court concludes that the claim for a jury trial was timely.
The defendant's final contention is that the plaintiff is not entitled to a jury trial on the defendant's counterclaim for foreclosure. "[F]oreclosure actions are equitable in nature and, therefore, do not give rise to a right to a jury trial under article first, § 19, of the Connecticut constitution."Northeast Savings, F.A. v. Plymouth Commons Realty Corp.,229 Conn. 634, 641, 642 A.2d 1194 (1994). Nevertheless, "[w]hen legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief CT Page 6350 is asked in order to give full effect to the legal rights claimed . . ." (Citation omitted; internal quotation marks omitted.) Id.
In Northeast Savings. F.A. v. Plymouth Commons Realty Corp.,supra, 229 Conn. 642, where the defendants asserted several legal issues in their counterclaim filed in response to the plaintiff's foreclosure action, the court held the defendants' legal counterclaim was triable to a jury and, therefore, that the trial court properly denied the plaintiff's motion to strike the defendants' jury claim. The court noted, however, that the defendants were "entitled to a jury trial only on their legal counterclaim and not on the foreclosure action." Id., 642 n. 11. Furthermore, special defenses, unlike counterclaims, are not independent actions and, therefore, even where the special defenses raise legal issues, "those issues are ancillary to . . . [an] equitable foreclosure action" and do not give rise to a right to a jury trial in such an action. Harry Skolnick Son,Inc. v. First Baptist Church of Stratford, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 9322339 (February 9, 1996) (West, J., 16 CONN. L. RPTR. 171, 172). See also Centerbank v. Fazzone, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 066477 (October 19, 1995) (Pickett, J.) ("[T]he special defenses raised are ancillary to the foreclosure claim and . . . are, in essence, a challenge to the foreclosure action and are therefore equitable. As such, the motion to strike from the jury docket is granted.").
In summary, the plaintiff's claim to the jury docket is timely. It is not, however, entitled to a jury trial on the defendant's foreclosure action. As to whether the plaintiff has waived their right to a jury trial entirely. that is a matter that cannot and should not be determined without an evidentiary hearing. If, after such a hearing, the court finds that the plaintiff has not knowingly and voluntarily waived its right to a jury trial, "the trial court must determine whether to conduct the trial of the legal and equitable claims jointly or separately." Northeast Savings, F.A. v. Plymouth Commons Realty,supra, 229 Conn. 642 n. 11.
The motion to strike from the jury docket is therefore denied, without prejudice, subject to the defendant's seeking an evidentiary hearing as to the issue of waiver.
SILBERT, J. CT Page 6351