## L & R REALTY ET AL. *v.* CONNECTICUT NATIONAL BANK
### (AC 14969)

Dupont, C. J., and Lavery and Heiman, Js.

Argued June 6—officially released August 26, 1997

*Robert G. Skelton,* for the appellants (plaintiffs).

*Robert M. Dombroff,* with whom was *Ann M. Sicze-wicz,* for the appellee (defendant).

*Opinion*

HEIMAN, J. The plaintiffs appeal from the judgment of the trial court rendered in favor of the defendant in this lender liability action. On appeal, the plaintiffs claim that the trial court improperly (1) granted the defendant's motion to strike the lender liability claims from the jury docket, (2) found the subordination agreement unenforceable, (3) held that the defendant was excused from subordinating because the plaintiffs could not satisfy the Mechanics Savings Bank commitment, (4) held that the plaintiffs had failed to mitigate their damages, and (5) failed to recuse itself. We conclude that the trial court improperly granted the defendant's motion to strike the lender liability claims from the jury docket and, accordingly, we reverse the judgment of the trial court.

The following facts are pertinent to our resolution of this appeal. On or about June 30, 1989, the Connecticut National Bank (CNB) loaned L & R Realty (L & R) $500,000 in connection with the purchase by L & R of approximately three acres of land in Colchester. At the June 30, 1989 closing, L & R delivered to CNB (1) a commercial promissory note in the principal amount of $500,000 (note), (2) a guarantee agreement (guarantee) by which the general partners of L & R personally guaranteed payment of the note, (3) a mortgage by which L & R created a first mortgage lien on the Colchester property in favor of CNB to secure due performance of L & R's obligations under the note, and (4) a collateral assignment of rents and security agreement by which L & R provided CNB with further security for the performance of L & R's obligations due under the note.

The general partners of L & R claimed that prior to the closing, a senior vice president of CNB orally agreed to subordinate its mortgage to any future construction mortgage placed on the Colchester property. In reliance

on this oral subordination agreement, L & R began construction on the Colchester property. In a letter dated October 26, 1990, another CNB vice president wrote to L & R that CNB intended "to stand behind the verbal representation made by [L & R's] prior account officer concerning the subordination of the bank's mortgage on the Colchester parcel."

On March 25, 1991, L & R received a commitment from Mechanics Savings Bank that it would loan L & R funds for construction on the Colchester property. L & R notified CNB of the construction loan and requested that CNB subordinate its mortgage to this new construction mortgage. On April 15, 1991, CNB refused to subordinate their mortgage to this new construction mortgage without additional collateral. This refusal prevented the construction loan from closing. In April, 1991, L & R stopped paying the CNB note. On February 24, 1992, CNB commenced an action to foreclose its mortgage. L & R responded by bringing a lender liability action against CNB, claiming compensatory and punitive damages on a number of theories: (1) breach of the subordination agreement, (2) promissory estoppel, (3) breach of good faith and fair dealing, (4) fraud, (5) wrongful interference with prospective business relations, (6) economic duress, and (7) engagement in unfair and deceptive practices in violation of the Connecticut Uniform Trades Practices Act, General Statutes § 42-110a et seq. L & R also asserted those claims as counterclaims in the foreclosure action.

In November, 1992, the trial court consolidated the foreclosure and the lender liability actions. After a nine day trial, the trial court found that the note, the mortgage, and the other security documents delivered by L & R at the closing constituted a complete, final and integrated agreement, and, thus, the trial court found that there was no valid subordination agreement. Accordingly, on June 20, 1995, the trial court rendered

judgment in favor of CNB in both the foreclosure and the lender liability actions. This appeal from the judgment in the lender liability action follows.

The plaintiffs first claim that the trial court improperly granted the defendant's motion to strike the plaintiffs' lender liability claims from the jury docket. Specifically, the plaintiffs argue that, in this case, where the record before the trial court, *Hurley, J.*, was devoid of evidence that the jury trial waiver clauses located in the loan documents[1] were entered into knowingly, voluntarily, and intelligently, the trial court was required to conduct an evidentiary hearing to make that factual determination.[2]

Certain additional facts are necessary to an understanding of our resolution of this claim. On November 2, 1993, the defendant moved to strike the plaintiffs' lender liability claims from the jury docket "on the

---

[1] Paragraph seventeen of the note states: "Waiver of Trial By Jury: Borrower and Other Obligors irrevocably waive all right to a trial by jury in any proceeding hereafter instituted by or against the Borrower or Other Obligors in respect of this note or collateral which may secure this note."

Paragraph ten of the guarantee provides: "The undersigned irrevocably waives all right to a trial by jury in any proceeding hereafter instituted by or against the undersigned in respect of this guaranty or any collateral securing this guaranty."

[2] The plaintiffs also argue that, under *Northeast Savings, F.A.* v. *Plymouth Commons Realty Corp.*, 229 Conn. 634, 642 A.2d 1194 (1994), because the lender liability claims are legal in nature, they should have been tried to a jury. The plaintiffs further argue that the jury trial waiver does not extend to the lender liability claims. The trial court, however, granted the defendant's motion to strike the lender liability claims from the jury docket solely on the ground that "by signing the note the [plaintiffs] waived all claims to a trial by jury." Thus, while we agree with the plaintiffs that this first issue would be governed by *Northeast Savings, F.A.*, we conclude that the trial court did not rule on either of these issues. Moreover, the plaintiffs failed to file a motion for articulation of the trial court's decision granting the motion to strike or to raise these issues as alternative grounds for affirmance. For these reasons, we decline to review these two claims. See *Claveloux* v. *Downtown Racquet Club Associates*, 44 Conn. App. 691, 693 n.4, 691 A.2d 1112 (1997).

ground that each of the plaintiffs waived their right to a trial by jury in the loan documents which form the basis for this action." On November 22, 1993, the parties' attorneys briefly presented their arguments on the motion to strike to the trial court, *Hurley, J.* The plaintiffs' attorney argued that the trial court should hold an evidentiary hearing to determine whether the contractual jury trial waivers located in the loan documents constituted a voluntary, intelligent, and knowing waiver of the right to a jury trial. Counsel for the defendant argued that the plaintiffs, one of whom was an attorney, signed a note and guarantee that contained an express waiver of the right to a jury trial, and that the execution of such documents automatically constituted a valid contractual waiver of the right to a jury trial. The trial court did not conduct any form of an evidentiary hearing, and heard no testimony. The trial court took the motion on the papers. Thus, when deciding this motion to strike, the trial court had nothing before it except the defendant's motion to strike the plaintiffs' claims from the jury docket, the plaintiffs' opposition to this motion to strike, the attached memoranda of law, and brief oral arguments by the parties' attorneys. Because attorney arguments, written or oral, do not constitute evidence; see *Roberts* v. *Roberts*, 32 Conn. App. 465, 475, 629 A.2d 1160 (1993); the trial court had before it no evidence, except perhaps a copy of the signed loan documents, when it ruled on the motion to strike.

On November 26, 1993, the trial court granted the defendant's motion to strike the plaintiffs' claims from the jury docket. The trial court ruling consisted of one line: "The court finds that by signing the note the [plaintiffs] waived all claims to a trial by jury."

In *Krupa* v. *Farmington River Power Co.*, 147 Conn. 153, 156, 157 A.2d 914 (1959), cert. denied, 364 U.S. 506, 81 S. Ct. 281, 5 L. Ed. 2d 258 (1960), our Supreme Court held that, "the right to a jury trial is a right which, like

other rights, may be waived but that it is a right the waiver of which is not to be inferred without reasonably clear evidence of the intent to waive. . . . Whether a party has waived his right to a jury trial presents a question of fact for the trial court." (Citation omitted.) Neither *Krupa* nor any subsequent Connecticut appellate case, however, has defined what constitutes "reasonably clear evidence of the intent to waive the right to a jury trial" or by what standard and method the trial court should make that factual determination. Thus, whether a trial court is required to conduct an evidentiary hearing in order to determine whether a contractual jury trial waiver was made knowingly, voluntarily and intelligently represents an issue of first impression in Connecticut.

We begin by examining our law regarding the general concept of waiver. " 'Waiver involves an intentional relinquishment of a known right. . . . There cannot be a finding of waiver unless the party has both knowledge of the existence of the right and intention to relinquish it.' " *Cassella* v. *Kleffke*, 38 Conn. App. 340, 347, 660 A.2d 378, cert. denied, 235 Conn. 905, 665 A.2d 899 (1995). "Inherent in the concept of waiver is the notion of assent, which is an act of understanding that presupposes that the party to be affected has knowledge of its rights but does not want to assert them." *Fisette* v. *DiPietro*, 28 Conn. App. 379, 385, 611 A.2d 417 (1992). "Waiver may be inferred from the circumstances if it is reasonable so to do . . . . Whether conduct constitutes a waiver is a question of fact. . . . When the trial court is required to make a finding that depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and cross-examine adverse witnesses. . . . In order to prevail at this trial-like hearing the movant must introduce evidence to

establish his claim." (Citations omitted; internal quotation marks omitted.) *Cassella* v. *Kleffke*, supra, 347. The party claiming waiver has the burden of proving the claim. See *Cleary* v. *Zoning Board*, 153 Conn. 513, 518, 218 A.2d 523 (1966).

Our Superior Courts have dealt extensively with the specific issue of whether an evidentiary hearing is required to determine the validity of a contractual jury trial waiver. While Connecticut Superior Court opinions are by no means binding upon us, they may be persuasive. See *Johnson* v. *Murzyn*, 1 Conn. App. 176, 181, 469 A.2d 1227, cert. denied, 192 Conn. 902, 471 A.2d 244 (1984).

Our Superior Courts have found that a valid and enforceable contractual jury trial waiver must have been made knowingly, intelligently and voluntarily. See *Connecticut National Bank* v. *Romagna*, Superior Court, judicial district of New London at New London, Docket No. 521920 (December 1, 1994). Our Superior Courts further explain that " '[w]aiver may be made by the specific and knowing agreement of the parties. The mere inclusion of a waiver provision in a document . . . does not in and of itself automatically in all instances constitute a binding waiver by the party against whom waiver is claimed.' " *Happens, LLC* v. *Webster Bank*, Superior Court, judicial district of Meriden, Docket No. 251241 (October 2, 1996) (17 Conn. L. Rptr. 639, 640); *Centerbank* v. *Fazzone*, Superior Court, judicial district of Litchfield, Docket No. CV94-0066746 (October 19, 1995) (15 Conn. L. Rptr. 377, 378). "The mere signing of a document purporting to waive a constitutional right will [not] be automatically enforced against a party." *Connecticut National Bank* v. *Swanney Toyota, Inc.*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 5066919 (June 9, 1993) (9 Conn. L. Rptr. 241, 242).

Our Superior Courts have further held that "[i]n determining whether the jury waiver in an agreement between the parties should be enforced, a court should consider the following factors: (1) whether the jury waiver was conspicuous; (2) whether the parties were represented by counsel; (3) whether the parties were on equal footing in their negotiations; and (4) whether the party objecting to the waiver actually had a choice as to whether to accept the waiver provision." (Internal quotation marks omitted.) *Happens, LLC* v. *Webster Bank,* supra, 17 Conn. L. Rptr. 640; see also *Union Trust Co.* v. *Sirois,* Superior Court, judicial district of New Haven at New Haven, Docket No. CV94-0368058-S (August 28, 1996) (17 Conn. L. Rptr. 467).

Our Superior Courts are split as to whether an evidentiary hearing is necessary to the factual determination of whether the contractual jury trial waiver was entered into knowingly, voluntarily and intelligently. See *Happens, LLC* v. *Webster Bank,* supra, 17 Conn. L. Rptr. 639. The majority of Connecticut Superior Courts, however, have held that an evidentiary hearing is necessary to this factual determination; see id.; *Connecticut National Bank* v. *Romagna,* supra, Superior Court, Docket No. 521920; *Bank of Boston Connecticut* v. *Rusconi,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV92-0507230 (September 9, 1994) (9 C.S.C.R. 1091); *Connecticut National Bank* v. *Swanney Toyota, Inc.,* supra, 9 Conn. L. Rptr. 241; *Bank of New York* v. *Griffis Sandler Co.,* Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV922 0122444 (March 16, 1993); and have further held that the party seeking to enforce the waiver bears the burden of proof at such an evidentiary hearing. See *Bank of Boston Connecticut* v. *Rusconi,* supra, 1091; *Connecticut National Bank* v. *Swanney Toyota, Inc.,* supra, 241.

The language in the federal constitution guaranteeing the right to a jury trial is very similar to the language in our state constitution. Thus, federal case law can be turned to for guidance in interpreting the ambit of the fundamental right to a jury trial.[3] See *State* v. *Brigandi*, 186 Conn. 521, 542, 442 A.2d 927 (1982).

The federal standard for determining the validity of a contractual waiver of the right to a jury trial is whether the waiver was knowing, voluntary and intelligent. See *Phoenix Leasing, Inc.* v. *Sure Broadcasting, Inc.*, 843 F. Sup. 1379, 1384 (D. Nev. 1994), aff'd, 89 F.3d 846 (9th Cir. 1996); see also *Leasing Service Corp.* v. *Crane*, 804 F.2d 828, 832–33 (4th Cir. 1986); *In re Reggie Packing Co.*, 671 F. Sup. 571, 573 (N.D. Ill. 1987). The factors used by federal courts to decide whether a waiver was knowing, voluntary and intelligent are similar to the factors used by our Superior Courts and include: " '(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous.' " *Phoenix Leasing, Inc.* v. *Sure Broadcasting, Inc.*, supra, 1384; see also A. Dickerson, "Contractual Jury Waiver Provisions A Striking Idea," 39 Fed. B. News & J. 206 (March/

---

[3] We examine the federal courts' treatment of contractual jury trial waivers rather than examining our sister states' treatment of this issue because the federal courts have developed a uniform standard by which to judge the validity of a contractual jury trial waiver, while the state courts' approaches to this issue remains quite varied. See K. Stout, "No Prelitigation Contractual Waiver of Jury Trial: *Bank South, N.A.* v. *Howard*, A Step Backward For Georgia," 12 Ga. St. U. L. Rev. 929, 947–48 (1996). Moreover, while the federal constitution's provision regarding the right to a jury trial is similar to our state constitution's right to a jury trial provision, some of our sister states' constitutional right to jury trial provisions differ significantly from article first, § 19, of the Connecticut constitution. See, e.g., Ga. Const., art. I, § 1, para. XI.; see also A. Dickerson, "Contractual Jury Waiver Provisions A Striking Idea," 39 Fed. B. News & J. 206 n.4 (March/April 1992).

April 1992). The federal courts often conduct an evidentiary hearing in order to determine the validity of a contractual jury trial waiver. See *Okura & Co.* v. *Careau Group*, 783 F. Sup. 482, 488 (C.D. Cal. 1991); *Smyly* v. *Hyundai Motor America*, 762 F. Sup. 428, 429 (D. Mass. 1991).

The majority of the federal district courts, as well as the second and fourth circuits, have held that, in the context of an express contractual waiver of the right to a jury trial, the party seeking enforcement of the waiver has the burden of showing that the consent of the party objecting to waiver was knowing, voluntary, and intelligent. See *Leasing Service Corp.* v. *Crane*, supra, 804 F.2d 832–33; *National Equipment Rental Ltd.* v. *Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977); *Phoenix Leasing, Inc.* v. *Sure Broadcasting, Inc.*, supra, 843 F. Sup. 1384; *Smyly* v. *Hyundai Motor America*, supra, 762 F. Sup. 429; *Bonfield* v. *Aamco Transmissions, Inc.*, 717 F. Sup. 589, 595 (N.D. Ill. 1989); *N. Feldman & Son, Ltd.* v. *Checker Motors Corp.*, 572 F. Sup. 310, 313 (1983); *Dreiling* v. *Peugeot Motors of America, Inc.*, 539 F. Sup. 402, 403 (D. Colo. 1982); *National Westminster Bank, U.S.A.* v. *Ross*, 130 B.R. 656, 667 (Bankr. S.D.N.Y. 1991); see also A. Dickerson, supra, 39 Fed. B. News & J. 208 ("most reasoned approach in allocating the burden of proof is to follow general rules regarding waiver, i.e., that the party asserting waiver bears the burden of proof"); but see *K.M.C. Co.* v. *Irving Trust Co.*, 757 F.2d 752, 758 (6th Cir. 1985) (burden on party attacking waiver provision).

The Connecticut Superior Courts' resolution of the issue of whether an evidentiary hearing is required to determine the validity of a contractual jury trial waiver represents a logical application of our general waiver law to the specific issue of contractual jury trial waivers. Moreover, the similarity between the federal courts'

resolution of this issue and our Superior Courts' resolution of this issue lends further credibility to the Connecticut Superior Courts' position. For these reasons, we find persuasive the Connecticut Superior Courts' reasoning in *Happens L.L.C.* v. *Webster Bank*, supra, 17 Conn. L. Rptr. 639; *Union Trust Co.* v. *Sirois*, supra, 17 Conn. L. Rptr. 467; *Centerbank* v. *Fazzone*, supra, 15 Conn. L. Rptr. 377; and *Bank of Boston Connecticut* v. *Rusconi*, supra, 9 C.S.C.R. 1091, that the execution of a document containing a contractual jury trial waiver provision does not automatically constitute an enforceable jury trial waiver. Instead, the contractual jury trial waiver must be made knowingly, voluntarily and intelligently, and this factual determination must be made via an evidentiary hearing, where the party seeking to enforce the waiver bears the burden of proof.

We conclude, therefore, that the trial court improperly granted the defendant's motion to strike the plaintiffs' lender liability claims from the jury docket. The only evidence before the trial court was the loan documents. Execution of a document that contains a jury trial waiver provision does not automatically constitute a valid waiver of the right to a jury trial. Moreover, evidence of the execution of such a document, in and of itself, is not sufficient evidence of a voluntary, knowing and intelligent waiver of the constitutional right to a jury trial. Thus, the trial court should have held an evidentiary hearing where the defendant bore the burden of proving that the contractual jury trial waivers were knowing, voluntary and intelligent. In determining the validity of the contractual jury trial waivers at this evidentiary hearing, the trial court should have considered such factors as (1) the conspicuousness of the waiver provisions, (2) whether the parties were represented by counsel, (3) whether there was a gross disparity in bargaining power between the parties, (4) the

business or professional experience of the party opposing the waivers, and (5) whether the party opposing the waivers had an opportunity to negotiate contract terms.[4]

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to strike the lender liability claims from the jury docket and to conduct an evidentiary hearing in accordance with this opinion.

In this opinion DUPONT, C. J., concurred.

LAVERY, J., dissenting. I respectfully dissent from the majority opinion for the same reasons I set forth in the dissent in the companion case of *Connecticut National Bank* v. *L & R Realty*, 46 Conn. App. 443, 446, 699 A.2d 297 (1997). I would affirm the granting of the motion to strike from the jury docket by the trial court, *Hurley, J.*, and I would affirm the judgment rendered by the trial court, *Austin, J.*

---

[4] Our resolution of the plaintiffs' first claim is dispositive of this appeal, and, thus, we do not reach the plaintiffs' other claims.