CONNECTICUT NATIONAL BANK *v.*
L & R REALTY ET AL.
(AC 16092)

Dupont, C. J., and Lavery and Heiman, Js.

---

Argued June 6—officially released August 26, 1997

*Robert G. Skelton,* for the appellants (defendants).

*Robert M. Dombroff,* with whom was *Ann Siczewicz,* for the appellee (plaintiff).

*Opinion*

HEIMAN, J. The defendants appeal from the judgment of the trial court rendered in favor of the plaintiff in this foreclosure action. On appeal, the defendants claim that the trial court improperly (1) found that there was sufficient evidence to support a judgment in favor of the plaintiff, (2) lacked jurisdiction to set law days after dismissal of the first appeal, (3) granted the plaintiff's motion to strike the counterclaims from the jury list, (4) awarded attorney's fees, (5) held the plaintiff could enforce the note, and (6) held the subordination agreement was unenforceable.

This case is governed by our decision in the companion lender liability action, *L & R Realty* v. *Connecticut National Bank,* 46 Conn. App. 432, 699 A.2d 291 (1997). The claims of L & R Realty (L & R) in that action are essentially identical to L & R's counterclaims in this

foreclosure action.[1] In *L & R Realty* v. *Connecticut National Bank*, supra, 442, we concluded that because the only evidence before the trial court was the signed loan documents containing the jury trial waiver provisions, there was not sufficient evidence before the trial court to enable it to make the factual determination of whether L & R had knowingly, intelligently and voluntarily waived its constitutional right to a jury trial. Thus, we concluded that the trial court improperly granted Connecticut National Bank's motion to strike L & R's lender liability claims from the jury docket. Accordingly, we reversed the judgment of the trial court and remanded the case with direction to deny Connecticut National Bank's motion to strike the lender liability claims from the jury docket and to conduct an evidentiary hearing to determine whether L & R's contractual jury trial waiver was valid. Our decision in *L & R Realty* v. *Connecticut National Bank*, supra, 432, is, therefore, dispositive of this appeal.[2]

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion to strike the lender liability claims from the jury docket and to conduct an evidentiary hearing in accordance with *L &*

[1] We note that neither party raised the issue of a prior pending action via a motion to dismiss. See *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 294–97, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). We further note that the prior pending action doctrine does not implicate subject matter jurisdiction, and, thus, may not be raised at any time. See id., 294–95. We, therefore, do not address this issue.

[2] The dissent argues that L & R was not entitled to a jury trial on its counterclaims because the counterclaims were based on the mortgage and thus were equitable in nature. In *Northeast Savings, F.A.* v. *Plymouth Commons Realty Corp.*, 229 Conn. 634, 640–42, 642 A.2d 1194 (1994), however, our Supreme Court specifically held that a counterclaim in a foreclosure action seeking damages for breach of contract, breach of fiduciary duty and negligence constitutes an independent legal action triable to the jury. As L & R's counterclaims in this foreclosure action are essentially the same as the allegations making up the counterclaim in *Northeast Savings, F.A.*, we conclude that L & R's counterclaims were legal in nature and did warrant a jury trial.

R Realty v. *Connecticut National Bank*, supra, 46 Conn. App. 432.

In this opinion DUPONT, C. J., concurred.

LAVERY, J., dissenting. I respectfully dissent from the majority opinion as to the trial court's striking of L & R Realty's claim for a jury trial. I agree with the trial court that by signing the note, mortgage deed and guarantee, with the jury waiver clause, the defendants waived all claims to a trial by jury and that the action is in equity. There are two issues: (1) whether the jury waiver clauses located in the loan documents should be enforced and (2) whether the trial court was correct in its ruling that the action was essentially equitable.

I

The defendants admit in their pleadings, i.e., answer, special defenses and counterclaims, that they signed and executed the commercial mortgage documents including the guarantee for which they received $500,000. Both the note and the guarantee securing the note contain sections in bold type clearly waiving the right to a jury trial. There is no allegation anywhere before the trial court that they did not know the clause was in the documents, that they did not understand the clause or that they were coerced into signing the documents with the clause in it.

In determining whether a contractual jury waiver provision is enforceable, courts require that the provision be agreed to knowingly and voluntarily. Our Supreme Court has held: "In *Noren* v. *Wood*, 72 Conn. 96, 98, 43 A. 649 [1899], we said that the right to a jury trial is a right which, like other rights, may be waived but that it is a right the waiver of which is not to be inferred without reasonably clear evidence of the intent to waive. See *Leahey* v. *Heasley*, 127 Conn. 332, 336, 16 A.2d 609 [1940]. Whether a party has waived his right to a jury trial presents a question of fact for the trial

court. *Stevens* v. *Mutual Protection Fire Ins. Co.*, 84 N.H. 275, 283, 149 A. 498 [1930]." *Krupa* v. *Farmington River Power Co.*, 147 Conn. 153, 156, 157 A.2d 914 (1959), cert. denied, 364 U.S. 506, 81 S. Ct. 281, 5 L. Ed. 2d 258 (1960).

Furthermore, our Supreme Court affirmed the waiver of a jury trial based entirely on a waiver provision contained in a lease. *Nowey* v. *Kravitz*, 133 Conn. 394, 395–96, 51 A.2d 495 (1947). "A right of trial by jury even when guaranteed by the constitution may be waived . . . . [A] binding agreement for such a waiver made in advance of the institution of such an action does not violate public policy; and there is no reason why such an agreement should not be given effect . . . ." (Citations omitted.) Id., 395–96.

Courts in other jurisdictions have compared the waiver of a jury trial by contract to the widely accepted practice of requiring arbitration of future disputes.

The Appeals Court of Massachusetts has held: "The right to a jury trial may also be waived by contract. . . . That is not surprising, as courts have been receptive to contractual waivers of broader procedural rights than the one involved here. Private parties, for example, may be bound by a contract requiring arbitration of future disputes. . . . Agreements in advance to arbitrate, it should be noted, eliminate not only the right to a jury trial on the merits of a dispute, but the right to any judicial trial. See also *D. H. Overmyer Co.* v. *Frick Co.*, 405 U.S. 174, [185–86, 92 S. Ct. 775, 31 L. Ed. 2d 124] (1972) (upholding a contract that included waiver in advance of due process rights considerably more comprehensive than the right to a jury trial)." (Citations omitted.) *Chase Commercial Corp.* v. *Owen*, 32 Mass. App. 248, 251–52, 588 N.E.2d 705 (1992). Looking to New York case law, *David* v. *Manufacturers Hanover Trust Co.*, 59 Misc. 2d 248, 249, 298 N.Y.S.2d 847 (1969)

held that waiver of a jury trial is neither unconscionable nor against public policy.

New York courts have held that "[a]s a general proposition, contract provisions waiving a jury trial 'are valid and enforceable, unless adequate basis to deny enforcement is set forth by the challenging party . . . .' " (Citations omitted.) *Barclays Bank of New York* v. *Heady Electric Co.*, 174 App. Div. 2d 963, 964, 571 N.Y.S.2d 650 (1991). Additionally, the United States Court of Appeals for the Sixth Circuit held that "in the context of an express contractual waiver the objecting party should have the burden of demonstrating that its consent to the provisions was not knowing and voluntary." *K.M.C. Co.* v. *Irving Trust Co.*, 757 F.2d 752, 758 (6th Cir. 1985). "In determining whether to give effect to the contractual [jury] waiver against an objecting party the court should start with a presumption in favor of validity in the interest of liberty of contract. This would require the objecting party to point to some one or more matters that render the provision improper." 5 J. Moore, Federal Practice (2d Ed. 1984) ¶38.46, p. 38-400.

In the present case, the jury waiver clauses in the note and mortgage are no different from those that are enforced in leases or contracts mandating arbitration. The defendants entire case revolves around their allegation that prior to and contemporaneously with the execution and delivery of the note, the mortgage and the guarantees, Connecticut National Bank (CNB) entered into an oral agreement with the defendants by which CNB agreed to subordinate its mortgage unconditionally to any construction or permanent mortgage in favor of any institutional lender if and when the defendants might request CNB to subordinate to such a mortgage. Nowhere in the pleadings or in the record is there any claim that the defendants signed and executed the loan documents unaware or ignorant of the jury waiver clause or for that matter unaware or ignorant of any clause in the mortgage instruments.

The waiver clause reads as follows: "Waiver of trial by jury: Borrower and other obligors hereby irrevocably waive all rights to a trial by jury in any proceedings by or against the borrower in respect of this note or collateral which may secure it." As stated previously, all of the defendant's claims related to the mortgage instruments in their claim concerning the oral subordination agreement, which they assert is an integral part of the mortgage agreements. The clear unchallenged language of the agreement precludes a jury trial. Our Supreme Court stated in *Vail* v. *American Way Homes, Inc.*, 181 Conn. 449, 451, 435 A.2d 993 (1980), in upholding the enforceability of arbitration clauses in a contract "[i]f the parties have agreed in the underlying contract that their disputes shall be resolved by arbitration, the arbitration clause in the contract is a written submission to arbitration."

As in arbitration, if the parties agree in a commercial mortgage note, deed and guarantee that their disputes shall be resolved without a jury, then their litigation will be decided by the court, as in this case. The trial court, was correct in striking the case from the jury docket because of the contract waiver.

## II

The trial court, found in addition that the claims were equitable and a jury trial was not warranted.

"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 175, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of

fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . Because a counterclaim is an independent action . . . the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable. . . . This analysis must be performed in the context of the pleadings when read as a whole. . . . The form of the relief demanded is not dispositive." (Citations omitted; internal quotation marks omitted.) *Northeast Savings, F. A.* v. *Plymouth Commons Realty Corp.*, 229 Conn. 634, 641–42, 642 A.2d 1194 (1994).

Here the defendants' claim, in both the special defenses and counterclaims, is based on their allegation that the mortgage was subject to subordination on demand pursuant to a concomitant oral agreement. Since this claim is equitable as it relates directly to the status and enforceability of the mortgage, the trial court was correct in striking the claim for a jury. I would affirm the judgment of the trial court.