[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action arising out of an employment agreement wherein the plaintiff employer seeks equitable relief, specifically temporary and permanent injunctive relief and a declaratory judgment. By counterclaim, the defendant employee seeks damages for breach of contract, infliction of emotional distress and violations of the Connecticut Unfair Trade Practices Act. In prior rulings the court has concluded, in effect, that the allegations of the defendant's counterclaim all arise out of the employment relationship.
Now, the plaintiff moves to strike the defendant's claim for jury trial, while the defendant seeks to strike the trial list claim and to restore the case to the jury docket. The court's ruling on the plaintiff's motion to strike from the jury docket will resolve the defendant's motion as well.
The plaintiff's motion to strike the jury claim is based CT Page 2136 on two grounds: (1) that the jury claim is untimely; and (2) that the defendant has waived a trial by jury. The court has found, with a full discussion, that the defendant's jury claim was timely. See Memorandum of Decision, p. 9, January 15, 1998, (D'Andrea, J.). The issue for the court today is whether or not the defendant has waived its right to a jury trial.
The employment agreement of the parties contains as the last sentence of paragraph 11(b) the following: "In any action or proceeding relating to this agreement, the parties mutually waive trial by jury.[1] The plain language of the Agreement suggests the parties waived all jury claims relating to the employment agreement. The defendant, however, claims that he believed the waiver referred only to proceedings involving violations of paragraphs 8, 9 and 10 of the Agreement.[2] Paragraph 11(b) specifically entitles the plaintiff to enforce the provisions of said paragraph by injunctive relief.
The court has, sua sponte, required the evidentiary hearing held on this issue on February 19, 1998 pursuant to the mandate of L R Realty v. Connecticut National Bank,46 Conn. App. 432, ___ A.2d ___, cert. granted, 243 Conn. 933, ___A.2d ___, (1997). "[T]he execution of a document containing a contractual jury trial waiver provision does not automatically constitute an enforceable jury trial waiver. Instead, the contractual jury trial waiver must be made knowingly, voluntarily and intelligently, and this factual determination must be made via an evidentiary hearing, where the party seeking to enforce the waiver bears the burden of proof." Id., 442. "In determining the validity of the contractual jury trial waivers at this evidentiary hearing, the trial court should . . . [consider] such factors as (1) the conspicuousness of the waiver's provisions, (2) whether the parties were represented by counsel, (3) whether there was a gross disparity in bargaining power between the parties, (4) the business or professional experience of the parties opposing the waiver, and (5) whether the party opposing the waivers had an opportunity to negotiate contract terms." Id., 442-43.
In this case, the placement of the waiver clause was no less nor more conspicuous than any other sentence in the Agreement. It certainly was not on the reverse page of the contract in small print. The defendant testified that he read the entire agreement, including the waiver provision. Both parties were represented by counsel. The defendant claims he had only a family friend or CT Page 2137 relative review the agreement for him, but he made no claim that he did not have every opportunity to receive further legal advice at any point during the course of the negotiations. Nor was there a gross disparity in the bargaining power of the parties. The plaintiff is a substantial corporation, but there was no evidence of any coercion or intimidation, or that the plaintiffs took advantage of the defendant in any way. The defendant had been employed in the same industry as the plaintiffs for some ten to twelve years, and was fully employed at the time he signed the employment agreement with the plaintiff. Most notably, the defendant took the opportunity to negotiate those terms of the proposed agreement which gave him concern. At his request, the plaintiff employer extended disability payments from ten to thirty days, increased the notice provisions of the termination paragraph from two to four weeks, carved out exceptions to the restrictions on the defendant's employment after termination, and changed the locale of arbitration under the agreement, from Norwalk, Connecticut to Chicago. The defendant never raised as an issue prior to executing the agreement the waiver of jury trial provision.
Nevertheless, the defendant claims that he believed the waiver applied only to the enforcement of the terms of paragraphs 8, 9, and 10. The language of the agreement reads clearly "[i]n any action or proceeding relating to this Agreement, me parties mutually waive trial by jury." In accordance with paragraph 11(b) method of enforcement granted to the plaintiff is injunctive relief. If the intent were to have the waiver apply only equitable proceedings in connection with paragraphs 8, 9, and 10, there would be no need for the waiver clause since such proceedings do not carry with them a right to trial by jury. If the defendant had a question or concern about the meaning of the waiver clause, he well could have expressed it to the plaintiff as he so successfully did with other issues.
The defendant testified that he signed not only the original agreement, but also a later document reaffirming the terms of the agreement, including specifically paragraph 11; he further testified that he had read the agreement, including paragraph 11, had the agreement reviewed by counsel, that he was not forced to sign the agreement but did so voluntarily. The court finds that under the L R Realty test, the plaintiff has proven, by reasonably clear evidence, that the defendant entered into the employment agreement voluntarily, knowingly and intelligently, including the waiver provisions of paragraph 11(b). Under all the CT Page 2138 circumstances, his protests to the contrary are not found credible, but rather appear to be, at best, afterthoughts useful to him in this hearing.
The plaintiff's motion to strike the jury claim is granted, and the defendant's motion to strike the case from the trial list is denied.
So Ordered.
Dated at Stamford, Connecticut, this, 25th day of February 1998.
D'Andrea, J.